ELEANOR TATUM *vs.* PHOEBE A. ROBERTS *et al.*

Submitted on briefs Oct. 15, 1894.   Reversed in part Nov. 8, 1894.

No. 8960.

**Wife when a proper party to an action by a creditor to set aside a fraudulent conveyance.**

Where a husband and wife jointly execute a fraudulent conveyance of real property, and also execute a fraudulent mortgage upon other property, all of which property, before the fraudulent conveyances, was owned by the husband, the wife is not a proper party defendant in an action brought by a judgment creditor of the husband to set aside the conveyances, and therefore not a necessary party; but the wife of the fraudulent grantee of the property so conveyed to him is a proper party defendant in such an action.

Appeal by defendant, Phoebe A. Roberts, from an order of the District Court of Ramsey County, *J. J. Egan*, J., made April 24, 1894, overruling her demurrer to the complaint.

Appeal also by defendant, Nellie C. Roberts, from another order of the same court made at the same time in the same action overruling her separate demurrer to the same complaint.

The plaintiff, Eleanor Tatum alleged in her complaint among other things that she recovered judgment March 3, 1894, against James O. Roberts in Ramsey County District Court for $1,060.67 and that it was duly docketed. That the cause of action accrued prior to September 15, 1893. That on that day James O. Roberts owned an undivided half of Lot 12 in W. H. Howard's Garden Lots, and Lot 9 in Block 8 in Lovering Park in St. Paul. That James O. Roberts and his wife, Nellie C. Roberts, on that day conveyed the half interest in the Garden lot to Dimon A. Roberts and soon after mortgaged to him the other lot to secure the payment of $600. That James O. Roberts was then insolvent and had no other nonexempt property. That he and wife made the deed and mortgage with intent to hinder, delay and defraud his creditors and that Dimon A. Roberts had notice and knowledge thereof and paid no consideration for either. That Phoebe A. Roberts is the wife of Dimon A. Roberts. Plaintiff asked that the deed and mortgage be adjudged void as against her and that her judgment be decreed to be a first lien on the property.

Nellie C. Roberts, wife of the judgment debtor, and Phoebe A. Roberts, wife of Dimon A. Roberts, were both made defendants with their husbands and they severally demurred to the complaint, each on the ground that she is not a proper party to the action and that the complaint does not state facts sufficient to constitute a cause of action as against her. Both demurrers were overruled and each wife appeals.

*Wm. G. White,* for appellants.

No creditor of James O. Roberts could by any process of law reach the inchoate contingent interest of his wife, Nellie C. Roberts, in his real estate. It was not fraudulent on her part to join with her husband in a deed or mortgage that was void as to his creditors. Her interest in the land she could release if she saw fit to do so.

without regard to his creditors. No judgment can be entered in this case which will in any manner affect her interest in this real estate. The facts alleged and not the general conclusion stated in a pleading must govern the rights of the parties. *Pinney* v. *Fridley*, 9 Minn. 34; *Gowan* v. *Bensel*, 53 Minn. 46.

If plaintiff had levied her execution upon the land in question and sold it, the purchaser would have acquired merely the title of James O. Roberts. The inchoate interest of Nellie C. Roberts would not have passed thereby. *Dayton* v. *Corser*, 51 Minn. 406; *Wright* v. *Tichenor*, 104 Ind. 185; *Kinney* v. *Sharvey*, 48 Minn. 93; *Williamson* v. *Selden*, 53 Minn. 73; *Rupe* v. *Hadley*, 113 Ind. 416; *Robinson* v. *Bates*, 3 Met. (Mass.) 41; *Malloney* v. *Horan*, 49 N. Y. 111; *Richardson* v. *Wyman*, 62 Me. 280; *Lowry* v. *Fisher*, 2 Bush 70; *Dugan* v. *Massey*, 6 Bush 81; *Ridgway* v. *Masting*, 23 Ohio St. 294.

Phoebe A. Roberts is the wife of the alleged fraudulent grantee, and the only cause of action alleged against her in the complaint is that she claims some interest in the land in question. It is apparent, however, that she has no interest which the plaintiff can reach or appropriate. Her right to dower in the given lot is liable to be defeated by every subsisting claim or incumbrance existing prior to the inception of the husband's title, and which would have defeated his seizin. *Stribling* v. *Ross*, 16 Ill. 122; *Lockett* v. *James* 8 Bush 28.

*Edward B. Graves*, for respondent.

The relief prayed for in the complaint is of a character which courts of equity alone can grant. *Jackson* v. *Holbrook*, 36 Minn. 494.

This being an equitable action in determining who can properly be made parties defendant we are governed by the rules of equity procedure and not by strict legal doctrines. The general rule as to parties in chancery is, that all ought to be made parties who are interested in the controversy in order that there be an end of litigation. *Williams* v. *Bankhead*, 19 Wall. 563.

In equity there is a distinction between proper parties to be bound by the decree at the election of the plaintiff and necessary parties

without whom the court cannot proceed to judgment. *Baily* v. *Ing-lee*, 2 Paige 278; *Foster* v. *Hickox*, 38 Wis. 408; *Leonard* v. *Green*, 30 Minn. 496; 34 Minn. 137; *Wolf* v. *Banning*, 3 Minn. 202; *North* v. *Bradway*, 9 Minn. 183.

Phoebe A. Roberts upon the facts set up in the complaint is a proper party defendant. That she claims an interest in the land covered by the conveyances which this action is brought to set aside, which interest the plaintiff asks be declared inferior to the lien of her judgment, is in itself a sufficient allegation to make her a proper party defendant. *Finch* v. *Martin*, 19 Ill. 105.

But without a positive allegation that Phoebe A. Roberts as such wife claims an interest in this real estate, the fact that the complaint shows her to be such wife is of itself sufficient to make her a proper party defendant. For if the conveyance attacked by the plaintiff be upheld she will have in the real estate an inchoate contingent interest commonly called the dower right and of which she cannot then be divested without her consent. *Dayton* v. *Corser*, 51 Minn. 406; *In re Rausch*, 35 Minn. 291.

But in case the plaintiff succeeds in obtaining the relief prayed for and these conveyances are set aside, Phoebe A. Roberts will as against the plaintiff be cut off by the lien of the plaintiff's judgment from a superior interest in this real estate. *Campbell* v. *Jones*, 25 Minn. 155; *Wadsworth* v. *Schisselbauer*, 32 Minn. 84; *Damm* v. *Moon*, 48 Mich. 510; *Mills* v. *Van Voorhies*, 20 N. Y. 412; *McArthur* v. *Franklin*, 15 Ohio St. 485.

Upon the facts alleged in the complaint, Nellie C. Roberts is also a proper party defendant. She is the wife of the fraudulent grantor. She joined with him in the conveyance claimed to be fraudulent and is a party to the fraud. She joined with the intention of aiding him in his fraudulent purposes. The deed was a warranty deed and she will be presumed to have joined, and did, as a matter of fact, join in the covenants.

Whoever has any interest in the subject matter of the suit in equity can properly be made a party. The authorities show that, no matter how remote the connection, or how indirect the interest or contingent the claim, a party having any such connection, interest or claim in the subject matter of the suit is a proper party.

*North* v. *Bradway,* 9 Minn. 183; *Randolph* v. *Daly,* 16 N. J. Eq., 313; *Walkup* v. *Zehring,* 13 Ia. 306; *Sweet* v. *Converse,* 88 Mich. 1; *Beach* v. *Miller,* 51 Ill. 206.

BUCK, J.   This was an action brought by a creditor to set aside a conveyance by his debtor on the ground that it was made with intent to defraud creditors.   The wife of the debtor had joined with her husband in the conveyance.   The plaintiff joined as parties defendant to the action the wives of both the grantor and the grantee, each of whom interposed a demurrer to the complaint upon the ground that, as to her, it did not state facts sufficient to constitute a cause of action.

We will first consider the demurrer interposed by Nellie C. Roberts, the wife of the alleged fraudulent grantor James A. Roberts.   The demurrer is well taken if the complaint fails to show a liability on her part in favor of the plaintiff.   In determining this question, we must construe all of the allegations of the complaint together, and see if it states a cause of action against her.   The appellant contends that she is not a necessary or proper party in this action.   If she was a necessary party, then, of course, she was a proper party, but she might be a proper party without being a necessary party.

Who is a necessary party, and who is a proper party, is stated by Mr. Pomeroy, in his work on Remedial Rights (section 329), as follows: "(1) 'Necessary parties,' when the term is accurately used, are those without whom no decree at all can be effectively made determining the principal issues in the cause.   (2) Proper parties are those without whom a substantial decree may be made, but not a decree which shall completely settle all the questions which may be involved in the controversy, and conclude the rights of all the persons who have any interest in the subject-matter of the litigation."

As against the defendant James A. Roberts, the conveyance in which the wife, Nellie C. Roberts, joined, was fraudulent and void, and the property attempted to be conveyed was subject to be sold upon the execution against him.   But the judgment was not rendered against her, and her right or interest in the real estate of the husband could not be sold upon an execution issued upon a judgment rendered against him alone.   It is charged in the complaint that she joined with her husband in this fraudulent conveyance, but it is

very evident, taking the complaint as a whole, that the only act charged as being fraudulent was her simply joining as his wife in the conveyance of the property. He could have conveyed his rights as fully and completely without her joining in the deed as he could have done by her doing so. His act was a fraud of itself, and did not depend upon anything she did. Her joining with him in the deed added no weight or force to his fraudulent act or attempted conveyance. Nor did her joining in such conveyance in any way interfere with the plaintiff's judgment, or his selling the husband's interest on execution if he sees fit to do so. All fraudulent acts of the husband can be attacked and judicially determined now as fully and completely as though he had made the conveyance alone. She conveyed none of his right, share, or estate in the premises, but only her own inchoate interest. This was a remote interest, but, whatever it might be worth, the law has fixed such interest as absolutely hers; and that remote interest can no more be successfully assailed by the plaintiff now than before the judgment was rendered, because there is no judgment against her. Suppose that the plaintiff had not made the wife a party defendant in this suit, but had proceeded to sell the husband's interest in the premises, and thereby obtained the husband's perfect title to his share. Could he afterwards properly bring an action against the wife to have her rights in the property judicially determined, even though remote, inchoate, or contingent? Could he succeed in such action? Could she not successfully interpose a demurrer upon a complaint for such purpose, if it fully stated the facts which appear herein? It would be a useless proceeding against the wife, for her right could not be thus destroyed or cut off. The law gives her an inchoate right in the real estate of her husband, and upon that right she may rely with the utmost confidence. Creditors cannot seize it upon execution, or attach it in equity. The law giving that right was passed for the benefit of married women, and not for the benefit of the husband's creditors. Here the plaintiff seeks the sale upon his execution of the fraudulently conveyed and mortgaged property, and to have removed, by the judgment of this court, any cloud resting upon the title obtained by such sale.

What more rights is he entitled to, either legal or equitable, in this action? We do not concede the claim of the respondent's coun-

sel that a party is one whom the plaintiff may make so at his option. However advisable it may be that necessary and proper parties be made parties to the action, that there may be an end to litigation, yet whether a person shall be made a party does not rest in the absolute option of the plaintiff or complainant. The necessary facts must exist to justify such a proceeding. Persons should not be made parties to lawsuits at the mere whim or caprice or option of another. To drag parties into court, and harass them with expense, loss of time, and the annoyance of legal proceedings, is not sanctioned by law or equity, unless the existing facts fully justify such proceeding.

Was it absolutely essential, in order that the court might render a valid decree or judgment, that she should be made a party, and therefore a proper party? She had no interest in the subject-matter of the litigation or action, and a valid judgment could be rendered against the husband without her being joined as a defendant, for it is his interest, not hers, which constitutes the subject-matter of the action. She has no rights to be settled by the controversy. The existing law settles her rights. She need not apply to the court, either as defendant or plaintiff, in such case. She had contracted no debt, and her right was subject to no judgment or execution, and there was no controversy for the court to settle. Her right in one subject-matter was one thing; the husband's right in a subject-matter in the property was another; each distinct and separate, because the law makes them so. It is the existing law in respect to these subject-matters which completely settles the question, and the aid of the courts need not be invoked for this purpose.

As she was not a proper party, she was therefore not a necessary party, and we need not discuss that phase of the case any further than we have incidentally referred to it.

With respect to the defendant Phoebe A. Roberts, wife of the fraudulent grantee, we are of the opinion that a different rule applies, and hold that she was at least a proper party. She is interested in the subject-matter, because, in case of the death of her husband, she would have become the owner of one-third thereof. And she admits by her demurrer that she claims an interest in the land covered by the conveyances which this action is brought to set aside. Whatever interest she may have in the premises, so far as the conveyance

to her husband, James A. Roberts, is concerned, depends upon such interest being subject to plaintiff's judgment, for such interest, as against such judgment, is admitted to be fraudulent. Admitting that the property was fraudulently conveyed to her husband makes any interest of hers in such property, by reason of her marital relation, subject to the equitable proceedings to have the conveyance declared void as to both husband and wife. Her rights in the property are not fixed and absolute, like those of Nellie C. Roberts, but are subject to the legitimate result flowing from the fraudulent conveyance received by her husband; and whatever interest in the subject-matter she may have can be conveniently and completely settled in this action, and further litigation thereby prevented. She is therefore a proper party, and as to her the order overruling her demurrer is sustained, but as to the defendant Nellie C. Roberts the order overruling her demurrer is reversed.

GILFILLAN, C. J., absent, took no part.

(Opinion published 60 N. W. 848.)

Petition for rehearing denied Nov. 23, 1894.