Allen, J.
 

 Are trustees appointed by the directors of a corporation, pursuant to Section 11972 of the General Code, whose general fitness, integrity, and ability are conceded, eligible to be appointed receivers without the consent of the state in an action brought by the Attorney General for the dissolution of the corporation? This is the controlling question in this case.
 

 On March 10, 1924, Messrs. Baehr, Wilberding, and Cross were appointed by the board of directors of the Municipal Savings & Loan Company as trustees for the company under Section 11972 of the General Code “to exercise the powers therein provided to be exercised by Trustees.” The instant action was begun on March 19, 1924, by the Attorney General of the state of Ohio. The petition alleges that the superintendent of building and loan associations, pursuant to the statute, made an examination of the defendant corporation, found its affairs to be in an unsound condition, found that the interests of the public demanded its dissolution and the winding up of its business, and that he reported this condition to the Attor
 
 *181
 
 ney General and requested Mm to institute the proceedings required for that purpose. The petition prayed, among other things, that a receiver be appointed to take charge of the business and assets of the company; that “judgment be rendered dissolving said corporation and' winding up its affairs as provided by law.”
 

 The three trustees were not joined as parties in this action for dissolution of the corporation. A professional statement was made at the hearing in this court, and not deMed, that the Attorney General’s office was not apprised of the appointment of the trustees at the time of filing the dissolution action. We see no reason to disbelieve this statement.
 

 On March 28 the trustees of the defendant corporation were granted leave to become parties defendant, with the right to plead instanter. On the same date they filed an answer and cross-petition, wherein they pleaded their appointment by the board of■ directors as trustees “at the instance and upon the insistence of Cyrus Locher, the duly appointed, qualified and acting commissioner [director] of commerce of the state of Ohio and J. W. TanneMll, superintendent of building and loans of the state of Ohio.” They further alleged that they immediately accepted such appointment, took possession and control of the assets of the company, and at once suspended all its operations, except such as were necessary to preserve its assets; and, further, that they had discontinued the acceptance and withdrawal of deposits.
 

 
 *182
 
 The cross-petition further averred that—
 

 “Upon filing of the petition in this cause and the submission of the trustees to the jurisdiction of the court by the filing of this answer and cross-petition, the trusteeship is now
 
 ipso facto
 
 and automatically transferred from a matter
 
 in pais
 
 to the equitable jurisdiction of the court, and is subject to its regulation and control, and is entitled to any law, protection and relief which the equity jurisdiction affords; that said trustees were duly, properly and legally appointed and are now in possession and control of the assets of the defendant company, and are the duly constituted administrative officers of the equitable jurisdiction of this court, and
 
 that the, court has no jurisdiction to remove said trustees by the appointment of a receiver or otherwise, except upon application directly made to the court upon showing of misconduct or failure to obey the orders of the court.”
 

 In their prayer the trustees prayed that their appointment might be confirmed by the court and that their administration of the trust be continued subject to the orders of the court. On March 31 the prior order of the court, allowing them to become parties defendant, was vacated, and their answer and cross-petition was withdrawn. Later in the same day the court of common pleas appointed the three trustees as receivers of the Municipal Savings
 
 &
 
 Loan Company. To this order plaintiff excepted, upon the ground that—
 

 “Said persons are disqualified from such appointment by reason of their previous selection and appointment as trustees of this corporation under Section 11972 of the General Code of Ohio,
 
 *183
 
 and for other reasons appearing in the record of this case.”
 

 On April 2 plaintiff moved the court to remove the receivers and to grant a new trial, on the ground that the three gentlemen named as receivers were “interested in this action,” on the ground that they were “proper parties to this action,” and on the ground that they were disqualified “for other reasons.”
 

 On April 3 plaintiff moved to vacate the order of March 31.
 

 On April 8 all of these motions of April 2 and April 3 were overruled.
 

 Error having been prosecuted to the Court of Appeals, that court affirmed the judgment of the court of common pleas.
 

 It is conceded that the appointment of the said trustees was made at the request of the director of commerce of the state of Ohio, and that no question is made of the character, ability, nor general competency of the trustees.
 

 Section 11894, par. 5, of the Ohio General Code, in the pertinent part thereof, provides that receivers may be appointed by the court in cases provided for “by special statutes when a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has ■ forfeited its corporate rights.”
 

 Section 11895 of the General Code provides that—
 

 “No party, attorney, or person interested in an action, shall be appointed receiver therein except by consent of the parties. * * *”
 

 The instant appointment is not a case of con
 
 *184
 
 sent of the parties. In his motion to vacate the order of the court allowing the trustees to withdraw their answer and cross-petition and vacating the order granting them leave to become parties defendant, the plaintiff states that the said order of the court was máde without notice to the plaintiff. This statement is nowhere denied in the record nor in the briefs, so that in this case not all parties consent to the persons appointed receivers. In other words, we have not here presented the situation quite frequent in the practice where, by consent of the parties to the suit, or at least without objection, the party, attorney, or some person interested in the action is appointed receiver.
 

 Nor does this case arise under Section 11944, General Code, which in part reads:
 

 “A director, trustee, or other officer of the corporation, or any of its stockholders, may be appointed a receiver. *
 
 *
 
 *”
 

 This section is a part of the chapter entitled, “Dissolution of Corporations,” and refers only to cases of voluntary dissolution of a corporation. The instant case, however, is not one of voluntary dissolution. Hence this is not an action in which under the statutes it is permissible to appoint a director, trustee, or other officer of the corporation, or a stockholder as receiver.
 

 • The question raised by the motion to remove the receivers is whether the trustees appointed as above set forth fall within the provisions of Section 11895, and hence were ineligible upon March 29, 1924, to be appointed receivers.
 

 It is conceded that none of the trustees are at
 
 *185
 
 torneys within the meaning of the statute, which bars from appointment any attorney of any party to the receivership action. Are the three men in question either parties or persons interested in the action? Plaintiff in error alleges that they are necessary parties. Defendant in error urges that they are not parties of the record, not necessary parties, and not even proper parties.
 

 The trustees were not parties of record at the time of their appointment as receivers. They had been parties, having filed an answer and cross-petition in the case, and by leave of court having withdrawn their answer and cross-petition prior to their appointment as receivers. , It is true that they were appointed receivers upon the same day that the pleadings were withdrawn, but their appointment was subsequent in time to the withdrawal of the pleadings. However, if they are necessary parties, being trustees of the corporation, even though not parties of record, the reason of the statute applies, and they are ineligible to appointment as receivers.
 

 Defendant in error urges that the appointment of the trustees was a nullity; that therefore they could not be necessary parties to the suit, and could have no interest in the action.
 

 We shall first consider whether the appointment was a. nullity. No question is made that the appointment of the three trustees was not in conformity with Section 11972, General Code, having been made by the officers of the corporation duly authorized to make such appointment, and in a manner authorized by statute.. .
 

 Defendant in error urges, however, that the ap
 
 *186
 
 pointment of the trustees was a nullity because Section 11972 is only ancillary to Section 11938
 
 et seq.,
 
 which provide for the voluntary dissolution of corporations, and hence has no standing nor place as an independent and exclusive method of providing for dissolution and cannot authorize the appointment in question.
 

 Section 11972 has its origin as a part of an act passed in 1852 which provided that actions against corporations should not abate merely by expiration of the corporation charter. 50 Ohio Laws, 272. This act was not written as part of the statute embodied in Section 11938
 
 et seq.,
 
 which was originally published in 1867 (64 Ohio Laws, p. 153), and therefore is not merely ancillary to Sections 11938
 
 et seq.
 

 It is not urged that Section 11972 is unconstitutional nor void, nor that the appointment was not made in manner and form as authorized thereby. Hence we hold that the trustees were appointed under authority of law and that the action of the directors in appointing them was not a nullity.
 

 We shall next consider the question as to whether the trustees were necessary or proper parties. It is to be noted in this connection that when the trustees withdrew their answer and cross-petition in the court of common pleas, they simply ceased to be defendants; they did not resign as trustees.
 

 As such trustees they were appointed to “adjust and settle” the affairs of the corporation; they were authorized to use the corporate name for such period as might be necessary for the adjustment and settlement of the affairs of the corpora
 
 *187
 
 tion, and they were under obligation to report annually to the stockholders of the corporation.
 

 By virtue of this appointment, the assets of the corporation of every kind and character came into the exclusive possession and control of the trustees. This fact is admitted in their answer and cross-petition. They superseded the board of directors; they became answerable only to the stockholders and were given the exclusive and sole management of the corporate property. Such being the case, were they necessary or proper parties to the action for dissolution of the corporation and for the appointment of the receiver?
 

 A receiver is a person indifferent between the parties appointed by the court. He is appointed on behalf of all the parties and not on behalf of the complainant or defendant only, to receive and hold possession and control of any or all property which is the subject-matter of litigation pending the suit, and subject to the orders of the court.
 
 Baker
 
 v.
 
 Backus’ Admr.,
 
 32 Ill., 79.
 

 The purpose of the action herein brought was to transfer possession of the property from the corporation to the receiver. The representatives of the corporation were the trustees; they had possession of the property, and the action was for the purpose of taking possession of that property out of their hands, and to that extent was adver sary as against the trustees.
 

 That the trustees appreciated the adversary character of the action is shown by their answer and cross-petition. They might have controverted any intention hostile to the receivership, but instead they set forth plainly their hostile attitude.
 
 *188
 
 They say in their answer that the court has no jurisdiction to remove them by the appointment of a receiver or otherwise, except upon application directly made to the court upon showing .of mis conduct or failure to obey the orders of the court, and ask the court to confirm their appointment and to issue an injunction restraining all persons and parties from interfering with the custody and control of the trustees over the assets of the defendant company pending the final determination of the proceedings.
 

 It is manifest that if the trustees had. desired to contest the appointment of a receiver, the court would have been compelled because of their possession of the corporation assets, and because of their adversary position in the matter, to permit them to become party defendants. Such a situation would have been governed by General Code, Section
 
 11255,
 
 which provides that—
 

 “Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff.”
 

 In such case they would have been claiming an interest in the controversy adverse to the plaintiff so far as the receivership was concerned, and would have been proper parties.
 

 In the action before us here the trustees placed themselves in this very situation. By their own pleading they made themselves adversary to the-plaintiff. They virtually challenged the power of the court to deliver the possession of the assets to any one other than themselves, and hence it was proper under the statute to join them as defendants.
 

 
 *189
 
 “Necessary parties * * * are those without whom no decree at all can be effectively made determining the principal issues in the cause. Proper parties are those without whom a substantial decree may be made, but not a decree which shall completely settle all the questions which may be involved in the controversy, and conclude the rights of all the persons who have any interest in the subject-matter of the litigation.”
 
 Rosina
 
 v.
 
 Trowbridge,
 
 20 Nev., 105, 17 Pac., 751;
 
 Tatum
 
 v.
 
 Roberts,
 
 59 Minn., 52, 60 N. W., 848.
 

 Or, as excellently defined in
 
 Donovan
 
 v.
 
 Campion,
 
 85 Fed., 71, at page 72, 29 C. C. A., 30, 32:
 

 “All those whose presence is necessary to a determination of the entire controversy must be, and all those who have an interest in the subject-matter of the litigation which may be conveniently settled therein may be, made parties to the suit. The former are termed the ‘necessary’ and the latter the ‘proper’ parties.”
 

 We are not willing to hold that the presence of these trustees was necessary to the determination of the action for dissolution; but, whether or not the trustees were necessary parties, they certainly were proper parties at the time of filing their answer. And under the statute they were ineligible for appointment as receivers as long as their answer and cross-petition remained on file. However, the answer and cross-petition were withdrawn before the appointment as receiver, although upon the same day, and hence this court does not hold that the trustees were either proper or necessary parties in the action for dissolution of the corporation.
 

 
 *190
 
 We shall now consider whether the trustees were interested in the action. It is conceded that “interested in the action” means íinancialíy interested. The trustees in this case were appointees of the corporation; they were its employes to the extent that their compensation as trustees was subject to the action of the corporation.
 

 While the record does not show that any compensation was expressly stipulated at the time of their appointment, the appointment has statutory sanction, and the trustees are clearly entitled to reasonable compensation for all services up to the time of appointment of receivers to succeed them. The trustees at the time of their attempted appointment as receivers had already served for about three weeks, spending considerable time and effort upon the complex problems with which they were intrusted. They were entitled to compensation for that service and hence had a financial interest in the appointment of the receiver. This financial interest sometimes may be, and in this case doubtless is, entirely compatible with the welfare of the corporation. It is evident, however, that an employe of the corporation, such as secretary or. treasurer, paid a salary by the corporation, would have a financial interest in the action, and, regardless of the common-law rule, would not be eligible under Section 11895 to act as receiver. He might be extremely competent through ability and through familiarity with the affairs of the corporation to handle the winding up of its business; his integrity might be unquestioned, but under the statute he would not be eligible to appointment.
 

 
 *191
 
 The trustees being appointed by the directors of the corporation, being responsible to the stockholders of the corporation, being entitled to compensation from the corporation, are agents and employes of the corporation. They are in fact persons interested in the action.
 

 It is urged by the defendants in error that at the time when the receiver was appointed the trustees had no possession of the property; that the appointment of the receiver automatically terminated the possession of the trustees; and that hence the trustees were not ineligible because they did not have possession of the assets of the corporation at the time that the motion was made to remove them. This fact is also relied upon by the Court of Appeals.
 

 This argument has little force since, regardless of that fact, the trustees are persons interested in the action; moreover this argument begs the question. The problem here is, not whether the trustees had possession at the time of the motion to remove them, but whether they had possession at the time of appointment. If such was the case, they were not eligible to appointment. '.Such possession they did have upon March 29, 1924.
 

 Counsel for defendants in error have cited certain Illinois cases in support of their contention.
 
 Iroquois Furnace Co.
 
 v.
 
 Kimbark,
 
 85 Ill. App., 399;
 
 Patterson
 
 v.
 
 Northern Trust Co.,
 
 230 Ill., 334, 82 N. E., 837. These decisions are not in point here, as they differ from the instant case upon the facts, and do not involve the construction of any statute such as Section 11895, General Code.
 

 Also we are unaided in the discussion of this
 
 *192
 
 problem by the citations of English cases, such as
 
 Perry
 
 v.
 
 Oriental Hotels Co.,
 
 5 L. R. Ch. App. Cas., 420, and
 
 Tottenham
 
 v.
 
 Swansea Zinc Ore Co.,
 
 53 L. J., Ch. Div. (N. S.), 776.
 

 In these cases, from the statement of facts, no such statute as that which we must construe here existed, and the chancellor was therefore not limited in his appointment of a receiver by the specific provision that a “person interested” in the action could not be appointed.
 

 Moreover, it does not aid us to consider that Section 11894, par. 6, General Code, provides:
 

 “A receiver may be appointed * # *
 
 in all other cases
 
 in which receivers heretofore have been appointed by the usages of equity.”
 

 This section does not provide that the same persons may be appointed receiver as may be appointed under the usages of equity in England, where Section 11895, General Code of Ohio, does not exist to limit the appointment.
 

 The question here is not in. what cases a receiver may be appointed; the question is: Who may or may not be appointed receiver? And that question is answered in the negative as to the three trustees by Section 11895.
 

 It is conceded that the court has a certain discretion in the appointment of receivers, which discretion may not be interfered with except in circumstances of palpable abuse. This discretion, however, does not permit the court -to violate the statute. In spite of -their qualifications, the three trustees were appointed receivers under unusual circumstances. They filed an answer challenging the power of the court -to remove them “by ap
 
 *193
 
 pointment of a receiver,” and hence by implication challenging the power of the court to place the corporate assets
 
 in custodia legis.
 
 They withdrew their answer and cross-petition and within a few hours were appointed receivers.^
 

 Granting as we do everything that has been stated as to the fitness of the men named, the very thing here done was forbidden by statute. It was forbidden by statute because it is of the utmost importance in receivership matters to avoid not merely evil but also the appearance of evil. In the long run, the Legislature has found it a financial advantage to stockholders of a corporation against which involuntary dissolution is asked by the state to have the affairs of the corporation in question administered by persons not interested in the action, when the parties do not consent to the appointment of persons interested.
 

 Judgment of the Court of Appeals reversed.
 

 Judgment reversed.
 

 Marshall, C. J., Robinson and Matthias, JJ., concur.