No. 769

CORBETT & SONS v. WARREN PEOPLES MARKET CO.

Ohio Appeals, 9th Dist., Summit Co.

No. 925. Decided May 4, 1925

155. BLUE SKY LAW—1. Taking of subscriptions before licensed so to do by commissioner, is violation of.

2. Not enacted for purpose of raising revenue, but for costs entailed by administration of the law.

WASHBURN, J.

Charles Wilcox promoted the organization of the Warren Peoples Market Co. and between the date of the signing of the articles of incorporation and the filing of same with the secretary of state, he obtained from Corbett and Sons a subscription for six shares of stock; this subscription being taken before the books of the company were opended for that purpose.

Wilcox brought an action in the Akron Municipal Court for the purpose of recovering the value of the six shares; said suit being appealed to the Summit Common Pleas which resulted in a judgment in favor of Wilcox for the full amount of stock subscribed for.

Corbett and Sons prosecuted error to the Court of Appeals and claimed that the Company or the incorporators thereof were not licensed under the blue sky law to sell said stock or obtain any subscription, nor had the president and secretary of the company or the incorporators or promoters thereof filed with the commissioner the written statement of exemptions provided for in 6373-2 GC.; and because of the failure to comply with the provisions of the blue sky law the contract of subscription was rendered void. The Court held:

1. If the company was requested to comply with the provisions of said law and failed to do so it is chargeable with the consequences of such failure.

2. Section 6373-1 GC. provides that "no dealer shall, within this state, dispose or offer to dispose of any stock - - - - without first being licensed so to do as hereinafter provided."

3. Section 6373-2 GC. provides that a dealer "shall be deemed to include any person or company except national banks, disposing or offering to dispose of "its stock," through agents or otherwise, and that dispose of "shall be construed to mean, "obtain subscription for."

4. The company was a dealer within the meaning of said blue sky law, and it was unlawful for it or the promoters thereof to take said subscription "without first being licensed so to do" or being exempted.

5. The taking of the subscription was therefore a violation of law, but since the object of the blue sky law is not the raising of revenue the fines to be paid under 6373-20 GC. are incidental, designed merely to pay costs of administering the law.

6. "Where a statute is enacted to protect the public against fraud or imposition, or to safe-guard the public health or morals, a contract in violation thereof is void, even though a money penalty also is enacted. Farmers Ins.

## STATE COURT OF APPEALS—Continued

Co. v. Todino, 111 OS. 191 at pg. 193.

7. In reference to rent which Corbett and Sons paid to the Company for certain space in the Market House which was applied to the subscription by Wilcox; Corbett & Sons claims that such payment was for rent and not upon the subscription.

8. Where there are two demands, one legal and the other illegal the law will apply a payment to the discharge of the legal demand and the company therefore was not entitled to recover on the claim of rent.

Judgment reversed and rendered for Corbett and Sons.

**Attorneys**—Whittemore & Motz and Oscar A. Hunsicker for Corbett & Sons; W. J. Laub for Company; all of Akron.