SCHMIDT ET AL., APPELLEES, *v.* WEATHER-SEAL, INC., APPELLANT.

(No. 3565—Decided March 23, 1943.)

*Mr. H. P. Henley,* for appellees.
*Mr. H. W. Schwab,* for appellant.

DOYLE, J. The sole question for determination in this appeal on questions of law from the Court of Common Pleas of Summit county is the validity of the plaintiffs' title to certain real property purchased at an administrator's sale, authorized for the purpose of paying debts of an estate. It is stipulated in an agreed statement of the facts that the proceedings in the Probate Court were legal in every respect except for the single failure to make one S. A. Decker, a judgment lienholder, a party to the proceedings, in compliance with Section 10510-15, General Code.

This section provides as follows:

"Necessary parties in sale by executor or administrator.

"In such action by an executor or administrator the following persons shall be made parties defendant:

"1. The surviving spouse.

"2. The heirs, devisees or persons entitled to the next estate of inheritance from the decedent in such real estate and having an interest therein.

"3. All mortgagees and *other lienholders* whose claims affect such real estate or any part thereof.

"4. If the interest subject to sale is equitable, all persons holding legal title thereto or any part thereof and those who are entitled to the purchase money therefor, other than creditors.

"5. If a fraudulent conveyance is sought to be set aside, all persons holding or claiming thereunder.

"6. All other persons having an interest in such real estate." (Italics ours.)

The defendant takes the position "that in the proceedings had by the administrator to sell to pay debts, the statute was not complied with in that the judgment creditor was not made a party defendant, and that such statute must be complied with by said administrator as a condition precedent to the invoking of the jurisdiction of the Probate Court."

The defendant attempts to maintain its position primarily on the authority of *Lessee of Adams* v. *Jeffries,* 12 Ohio, 253, 40 Am. Dec., 477, which case holds that "An administrator's sale, made under an order of court, * * * without showing that the heirs were parties to the proceeding, is void."

The old statute in force at the time of this decision provided that the heirs should be made party defendants. Through various amendments over the years, mortgagees, lienholders, etc., were added. Section 10510-15, General Code, *supra.*

The controversy under consideration presents the query as to whether or not the language of the statute (Section 10510-15, General Code, *supra*) is mandatory as to all, some, or any, of those parties falling within the respective classes of persons set out in the statute.

It need not be argued that, in construing statutes, the intent of the legislature is of controlling importance, if such intent can be gained from the purpose and wording of the act. ''Whether a statute is mandatory or directory is to be ascertained from a consideration of the entire act, its nature, its object, *and the consequences which would result from construing it one way or the other.*'' (Italics ours.) *State, ex rel. Smith,* v. *Barnell, Dir.,* 109 Ohio St., 246, at p. 255, 142 N. E., 611, citing 36 Cyc. 1157. This citation would now be 59 Corpus Juris, Statutes, Section 631.

''Statutes, or particular provisions of statutes, may be mandatory or prohibitory, or they may be directory, permissive, or discretionary. Moreover, some of the provisions in a statute may be mandatory, and others, directory; or some provisions of a statute may be considered directory for one purpose and mandatory for another.'' 37 Ohio Jurisprudence, Statutes, Section 26; citing, among many others, the cases of *Board of County Commissioners of Hamilton County* v. *Arnold,* 65 Ohio St., 479, 63 N. E., 81, and *State, ex rel. Alcorn,* v. *Mittendorf et al., Commrs.,* 102 Ohio St., 229, 131 N. E., 158.

It likewise need not be argued that the powers of an administrator with respect to the sale of a decedent's property and the mode of procedure are entirely regulated by statute. And the object in providing for the various persons and classes of persons to be made parties defendant undoubtedly is to have the rights of those persons and classes adjudicated in the one action and their respective interests in or liens upon the property properly divested so as to enable the administrator to convey a good title, free of encumbrance, to the purchaser. And it necessarily follows that the action is adversary in character.

A mandatory or indispensible provision in a statute is "one the omission to follow which renders the proceeding to which it relates illegal and void, while a directory provision is one the observance of which is not necessary to the validity of the proceeding." 37 Ohio Jurisprudence, Statutes, Section 27.

"Necessary parties * * * are those without whom no decree at all can be effectively made determining the principal issues in the cause. Proper parties are those without whom a substantial decree may be made, but not a decree which shall completely settle all the questions which may be involved in the controversy, and conclude the rights of all the persons who have any interest in the subject matter of the litigation." Pomeroy's Remedies and Remedial Rights (2nd Ed.), Section 329, quoted with approval in *Rosina* v. *Trowbridge,* 20 Nev., 105, 17 P., 751; in *Tatum* v. *Roberts,* 59 Minn., 52, 60 N. W., 848; and in *State, ex rel. Crabbe, Atty. Genl.,* v. *Municipal S. & L. Co.,* 111 Ohio St., 178, at p. 189, 144 N. E., 736.

Or, stated in other words—

"* * * all those whose presence is necessary to a determination of the entire controversy must be, and all those who have an interest in the subject matter of the litigation which may be conveniently settled therein may be, made parties to the suit. The former are termed the 'necessary' and the latter the 'proper' parties." *Donovan* v. *Campion,* 85 F., 71, at p. 72; 29 C. C. A., 30, 32; quoted with approval in *State, ex rel. Crabbe, Atty. Genl.,* v. *Municipal S. & L. Co., supra.*

In this state real estate passes direct to the heirs of an intestate—subject, however, to the payments of his debts, etc. *Carr, Gdn.,* v. *Hull,* 65 Ohio St., 394, 62 N. E,. 439, 87 Am. St. Rep., 623.

In the cited case, *Lessee of Adams* v. *Jeffries, supra,* upon which the defendant places great reliance, the

report shows the person not made a party was the actual owner of the real property as an heir. And as stated by the writer of the opinion at page 274: "The heir has a right to be a party to the proceedings, which deprive him of his estate; and we are constrained to deny the jurisdiction of a court which attempts to proceed without him."

There cannot be any doubt about the soundness of this doctrine. In a civil proceeding, adversary in character, which sells a man's estate in fee, the owner is a most necessary party, and any proceeding in which this right is not accorded the owner, is invalid and void.

It does not follow, however, that the same doctrine must be applied to judgment lienholders. This for the reason that, if such lienholder is not made a party, his interest is not jeopardized or lost, as in the case of an owner in fee, but his rights as a lienholder are unaffected by the order of sale and the proceedings had thereunder. And as stated by the Supreme Court of this state in a case involving a mortgagee,: "The defendant * * * purchased the premises with constructive notice of the plaintiff's lien, and the maxim of *caveat emptor* applies to the case." *Holloway* v. *Stuart, Admx.,* 19 Ohio St., 472, at p. 475.

There is reason for such distinction, because, in the case of the attempted sale of the heir's title, the purchaser would get nothing because the court was without jurisdiction to make such an order, while in the case of a lienholder the title would pass to the purchaser, if the owner or heir was made a party, subject, however, to the rights of the lienholder.

Bearing in mind the rules for the construction of statutes, some of which are heretofore stated, we conclude that the statute under consideration, Section 10510-15, General Code, is in part directory, and that

the provision relating to lienholders comes within this classification. In cases which have factual bases, like the instant case, the failure to make a judgment lienholder a party does not deprive the court of jurisdiction to order a sale of the real estate under the statute, and a purchaser acquires good title—subject, however, to the lien of the judgment creditor.

The "consequences" of a construction of this statute in any other way could have serious results. The title to many properties in this state could easily be the subject matter of extended litigation. Of course, it is desirable as a matter of public policy to have all interests determined and fixed in one action, and this undoubtedly was the reason for the enactment of the present statute.

It is declared that the section heading of the statute has a bearing on the intention of the Legislature. This section heading is as follows: "*Necessary* parties in sale by executor or administrator." (Italics ours.)

An extended discussion of this question is deemed unnecessary. Suffice it to say that the section heading was not a part of the legislative enactment, and was inserted by virtue of Section 162, General Code, which provides in part that "The secretary of state shall prepare *section headings* and indexes for the laws and joint resolutions to be printed in the bound volume of the session laws. The section headings shall be in bold face type and shall be set on the line above each section." (Italics ours.) The words "necessary parties" in the heading here under consideration are the words of the secretary of state and not of the Legislature.

The judgment is affirmed.

*Judgment affirmed.*

STEVENS, P. J., and WASHBURN, J., concur.