CITY OF EVANSVILLE *v.* BYERS ET AL.

[No. 19,961. Filed December 1, 1964.]

*Jerome L. Salm, Robert S. Matthews* and *David M. Keck,* of Evansville, for appellant.

*Bamberger, Foreman, Oswald and Hahn,* and *Howard P. Trockman,* of Evansville, for appellee, Eleanore V. Scheirman.

*William D. Stephens,* of Evansville, for appellee, Kenneth A. Byers.

HUNTER, J.—Appellee. Byers was injured by appellee Scheirman's alleged negligent operation of her automobile while Byers was on duty as a police officer for the City of Evansville. Byers filed suit in Vanderburgh County Superior Court against Scheirman for damages because of personal injuries sustained. Subsequently, appellant, the City of Evansville, filed a verified petition to intervene as a *party defendant.* The petition in essence alleges that Evansville has a statutory duty to pay medical expenses and wages of the police officer as a result of an injury sustained while on duty, and that the petitioner believes that any judgment issued against the defendant in favor of the plaintiff would be a bar to any action that Evansville may have against the defendant. Appellant thus prays that it be admitted as a party defendant.

Thereafter, appellees Byers and Scheirman filed objections to appellant's petition. After argument on said petition and objections, the Superior Court entered judgment denying appellant's petition to intervene. Appellant. later filed a motion for re-hearing which was denied.

The City of Evansville appealed to this court alleging that the Superior Court of Vanderburgh County erred in overruling appellant's petition to intervene.

The question then is: did the trial court err in deny-

ing the City of Evansville's *petition to intervene* as a *party defendant* in the police officer's civil action against an alleged tortfeasor?

Burns' Indiana Statutes Annotated §2-222 governs intervention in civil proceedings:

> "The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others or by saving their rights; but when a complete determination of the controversy can not be had without the presence of other parties, the court must cause them to be joined as proper parties. And when, in an action for the recovery of real or personal property, a person not a party to the action, but having an interest in the subject thereof, makes application to the court to be made a party, it may order him to be made a party by the proper amendment. (Acts 1881 (Spec. Sess.), ch. 38, §24, p. 240.)

This section vests the trial court with broad discretion, and unless there is a clear abuse of discretion, no error is committed. *Gibault Home* v. *Terre Haute First Nat. Bank* (1949), 227 Ind. 410, 85 N. E. 2d 824; *Chumley* v. *Roland et al.* (1959), 129 Ind. App. 264, 156 N. E. 2d 106. However, there is no "discretion" when the proposed intervenor is an *indispensable or necessary party. Noblitt* v. *Metropolitan Plan Comm., etc.* (1961), 131 Ind. App. 497, 172 N. E. 2d 580; *Chumley* v. *Roland et al., supra.*

An *indispensable party* has an interest of such a nature that a final decree cannot be made without affecting its interest or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience. See Burns' §2-222, *supra,* and Black's Law Dictionary (4th Edition, 1957).

It is clear in this cause of action that the City of Evansville is not an indispensable or necessary party defendant, thus intervention by the city is a matter of judicial discretion. Appellant is *not* a joint tortfeasor, nor is it in any manner coliable to the plaintiff as a *result of the alleged tort,* nor can any judgment be rendered against the appellant in this action. It is primarily liable for lost wages and medical expenses because of its *statutory duty* to compensate when an injury occurs in the line of duty. The city's obligation is plainly set out in Burns' §§48-6155 and 48-6156.

§48-6155 provides in part:

" . . . Any city which maintains a paid fire department and police department *shall pay* for the care for any fireman or policeman, who suffers an injury while performing his duty . . . "

§48-6156 states in part:

" . . . Any such city *shall pay* the expenses necessary for the proper medical care . . . "

The stautes are unequivocal in providing that the city must compensate a policeman for *any* injury sustained in the line of duty and for payment of wages while unable to work.

Appellant claims, upon the strength of a statement in *Mullins* v. *Bolinger* (1944), 115 Ind. App. 167, 55 N. E. 2d 381, rehearing denied 56 N. E. 2d 496, that the city is precluded from instituting a separate action against the third party wrongdoer and *should* therefore be allowed to intervene. The statement relied upon by appellant is found at p. 172 as follows:

" . . . In the case here under consideration the judgment herein would be a bar to any action which the City of Kokomo might institute against appellant."

This case is not authority for appellant's attempt to show that it must necessarily subrogate its alleged claim in this action. The question presented in *Mullins* v. *Bolinger, supra,* is whether the amount paid by the city for medical expenses and wages under its statutory duty can be shown in mitigation of damages by the defendant tortfeasor. The court in the Mullins case held that such payment cannot be shown in mitigation, stating at p. 171 that:

" . . . Where the wrongdoer is liable for damages, he is liable for all the damages . . . "

The above rule to which appellant alluded is dictum. Nevertheless, there is no question before this court as to the defendants' right to mitigate damages, nor is it necessary to determine if this action would be a bar to the city maintaining a cause of action against defendant-appellee. The only question here is whether the city has such a *right* to intervene and subrogate its alleged claim in this civil action that the trial court erred in denying the proposed intervention.

Appellant also urges that, because the city could procure workmen's compensation insurance, although it hasn't purchased such, it must be allowed to subrogate its alleged claim as if it were under the Workmen's Compensation Statutes. See Burns' §40-1201 *et seq.*

This conclusion has no merit. The Workmen's Compensation Act specifically excludes employees of municipal corporations unless the municipality elects to procure such insurance. The pertinent portion of the statute reads:

" . . . This act shall not apply to employees of municipal corporations in this state who are members of the fire department or police department

of any such municipality and who are also members of a firemen's pension fund or of a police pension fund: Provided, however, if the common council elects to purchase and procure workmen's compensation insurance . . . the provisions of this act shall apply . . . " Burns' §40-1202.

Evansville has chosen not to procure workmen's compensation insurance and can not therefore take advantage of the act by using any implied power emanating from its obligation to compensate. A municipal corporation is an instrumentality of the state and possesses only those powers expressly granted by statute. Any implied power "must be indispensable to the attainment of the declared objects and purposes of the corporation". *Freigy* v. *Gargaro Company, Inc.* (1945), 223 Ind. 342, 60 N. E. 2d 288; *Southern Railway Company* v. *Harpe* (1944), 223 Ind. 124, 58 N. E. 2d 346; *Dunn, Auditor et al.* v. *City of Indianapolis* (1935), 208 Ind. 630, 196 N. E. 528. The power of subrogating an alleged claim in a civil action of an employee against a third party tortfeasor does not seem to be indispensable in attaining a purpose or object of a municipality.

Because appellant is unequivocally and primarily liable for medical expenses and wages of the injured policeman, it must pay such expenses regardless of any compensation allegedly due from a tortfeasor injuring that employee. The payments from the city to the policemen are owed because of its *contract* with such employee. *Mullins* v. *Bolinger, supra.* The payment is not made to satisfy any *obligation due* from the tortfeasor to appellee-plaintiff. The necessity of payment from the city has been statutorily enacted for the obvious reason that the public should be held to compensate those who receive injuries while engaged in the

dangerous employment of police work or as firemen for the public's protection.

Pennsylvania is the only jurisdiction that has come to our attention where it has been held that a city was entitled to a right of intervention and subrogation under equitable principles in the absence of statute conferring such right. See *Potoczny* v. *Vallejo* (1952), 170 Pa. Super. 377, 85 A. 2d 675. However, there are other jurisdictions including the Federal government which do not allow intervention absent a statute giving the governmental unit that power. *Standard Oil Co.* v. *United States* (1946), C. A. 9 Cal. 153 F. 2d 958; *Birmingham* v. *Walker* (1958), 267 Ala. 150, 101 So. 2d 250, 70 A. L. R. 2d 464; *New York* v. *Barbato* (1938), Mun. Ct. N. Y., 5 N. Y. S. 2d 125; *City of Richmond* v. *Hanes* (1961), 203 Va. 102, 122 S. E. 2d 895.

There are several reasons why there should not *necessarily* be intervention in this cause. Appellee Byers or Scheirman may be prejudiced by the city's intervention. Any instruction upon the city's *compensatory* duties as to past and future obligations for this injury would only serve to confuse the issues before the jury. The city petitioned to intervene as a party defendant. The plaintiff has no right against the city directly arising out of this cause of action in negligence. The obligation from the city flows from contract and statutory duty. Nor does the city have any right against the injured policeman derived directly from this cause of action. Although we are not called upon to determine the question of liability, any liability, if such there be, would seem to accrue from the tortfeasor to the City of Evansville. It is difficult to determine how the issues may be formed with the city as a party defendant, thus creating yet more confusion in this proceeding.

Also, there is no right of intervention and subrogation given by the pertinent statutory provisions relating to the liability of a municipality. See §48-6155, *et seq.* Since the obligation to compensate is purely statutory, any power of subrogation should also depend upon statute or a power necessarily implied therefrom. *Freigy* v. *Gargaro Company, Inc., supra; Southern Railway Company* v. *Harpe, supra.* Because the appellant is not an *indispensable* or *necessary* party, it had no right to intervene and the petition depended upon the proper discretion of the trial judge.

We hold for the foregoing reasons that the trial court did not err in denying the petition of the City of Evansville to intervene in the plaintiff's cause of action against the defendant, and the judgment should therefore be affirmed.

Judgment affirmed.

Kelley, P. J., Mote and Pfaff, JJ., concur.

NOTE.—Reported in 202 N. E. 2d 399.