LAYNE, APPELLANT, *v.* HUFFMAN, APPELLEE.

(No. 73AP-332—Decided February 5, 1974.)

*Messrs. Sigall & Berlin,* for appellant.
*Messrs. Federico, Myers, Giovanetti & Enz, Mr. Stanley L. Myers* and *Mr. Gordon P. Shuler,* for appellee.

WHITESIDE, J. This is an appeal from a judgment of the Franklin County Court of Common Pleas. On August 20, 1968, John F. Layne sustained personal injuries in a collision between a motorcycle he was operating and the

automobile of defendant, Harold C. Huffman. Layne filed an action to recover damages from defendant for such injuries on August 20, 1968, in the Court of Common Pleas of Franklin County. In April 1972, that case was settled between Layne and Huffman. On August 17, 1972, Layne's wife, Edwina, plaintiff herein, filed the present action seeking to recover damages from defendant for the loss of consortium of her husband, resulting from the injuries caused in the aforesaid accident.

After having filed an Answer in September 1972, in April 1973 defendant obtained leave to file an Amended Answer and a Motion for Summary Judgment, contending that plaintiff has no right to maintain a separate action, and should have joined in her husband's action which was filed in 1968. Defendant's contention is predicated upon Civ. R. 19.1(A), which took effect July 1, 1970.

The trial court sustained the Motion for Summary Judgment and dismissed plaintiff's action for the loss of consortium of her husband. Plaintiff appeals and raises four Assignments of Error, as follows:

"1. The trial court erred in failing to overrule defendant's Motion For Summary Judgment.

"2. The trial court erred in failing to rule that Civil Rule 19.1(A) was not applicable to Mr. Layne's case which was filed on April 25, 1969.

"3. The trial court erred in failing to rule that even if Civil Rule 19.1 (A) did apply to Mr. Layne's case the defendant had waived his rights thereunder.

"4. The trial court erred in failing to rule that plaintiff should be permitted to maintain the action herein."

The first and fourth assignments of error raise no issue that is not raised by either the second or third assignment of error. Accordingly, we shall consider the first, third, and fourth assignments of error together.

It is conceded that defendant did not raise the issue of joinder of the action for loss of consortium with Mr. Layne's action for personal injuries in the action that he filed in the Court of Common Pleas in 1968, which was settled in April 1972. Plaintiff contends that the failure of de-

fendant to raise the issue in that action constitutes a waiver of any right to object to separate actions being maintained against him. Defendant obviously contends there has been no such waiver.

Civ. R. 19.1 provides, in pertinent part, as follows:

"(A) Persons to be joined. A person who is subject to service of process shall be joined as a party in the action, except as provided in subdivision (B) hereof, if he has an interest in or a claim arising out of the following situations * * *.

"(2) Personal injury or property damage to a husband or wife and a claim of the spouse for loss of services or expenses or property damage if caused by the same wrongful act * * *.

"If he has not been so joined, the court, subject to subdivision (B) hereof, shall order that he be made a party *upon timely assertion of the defense* of failure to join a party as provided in Rule 12(B)(7). *If the defense is not timely asserted, waiver is applicable as provided in Rule 12(G) and (H).* If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. In the event that such joinder causes the relief sought to exceed the jurisdiction of the court, the court shall certify the proceedings in the action to the court of common pleas." (Emphasis added.)

Civ. R. 12(G) pertains to the joining of all available defenses in a single motion. Civ. R. 12(H), however, provides:

"A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or if he has no motion, by responsive pleading or an amendment thereof made as a matter of course under Rule 15(A), except * * * the defense of failure to join an indispensable party * * *."

Defendant contends that Civ. R. 19.1(A) makes a husband or wife claiming a loss of services of his spouse an indispensable party to an action by such spouse for personal injuries caused by the same wrongful act. Prior to the adoption of the civil rules, not only was joinder not required,

but a judgment against one spouse for personal injuries did not bar an action by the other spouse for the loss of services of the injured spouse, and a different statute of limitations applied. See *Kraut* v. *The Cleveland Ry. Co.* (1936), 132 Ohio St. 125, the syllabus of which reads as follows:

"1. A judgment against a wife in her action for bodily injury is not a bar to an action by her husband against the same defendant for loss of services and for expenses for care and medical attention growing out of her injury.

"2. Such an action by the husband is not one for bodily injury within the meaning of Section 11224-1, General Code, prescribing a two-year limitation, but comes under Paragraph four of Section 11224, General Code, providing for a four-year limitation."

There is no federal rule comparable to Civ. R. 19.1; however, Civ. R. 19 is comparable to its federal counterpart and also pertains to who must be joined as a party. Civ. R. 19(A) provides, in pertinent part:

"A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subrogor, or subrogee. * * *"

Civ. R. 19(A) contains similar provisions pertaining to waiver as set forth above in Civ. R. 19(A) including the specific reference to Civ. R. 12(H). While there is no definition of an indispensable party in the civil rules, Civ. R. 19(B) does set forth some criteria to be used in determining whether a party is indispensable. That rule reads in pertinent part as follows:

"If a person as described in subdivision (A)(1), (2),

or (3) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.''

On the other hand, Civ. R. 19.1(B) does not refer to indispensable parties, but, rather, states as follows:

'''If a party to the action or a person described in subdivision (A) shows good cause why that person should not be joined, the court shall proceed without requiring joinder.''

Furthermore, the staff notes to Civ. R. 19.1 state, in part, as follows:

''If there is nonjoinder the defendant must assert the Rule 12(B)(7) defense of failure to join a party.

''Like Rule 19(A), Rule 19.1(A) provides for waiver of the Rule 12(B)(7) defense of failure to join a party. See, Rule 19.1(A) second unnumbered paragraph and Staff Note to Rule 19(A). Thus, as in Rule 19(A), a defendant must assert the defense of failure to join a party under Rule 19.1 or he has waived the defense and may be subject to multiple suits which may have inconsistent results. See, *Nationwide Ins. Co.* v. *Steigerwalt*, 21 Ohio St. 2d 87 * * *.''

Furthermore, in the staff note to Rule 19 we find the following:

''An 'indispensable' party may be one who might expose the defendant to the threat of multiple liability as distinguished from the threat of multiple litigation.''

The phrase ''indispensable party'' appears not to have been used in Ohio procedure prior to the adoption of the Civil Rules, but has been used in other jurisdictions, in-

cluding the federal courts. Parties are considered indispensable only where they have an interest of such a nature that a final judgment cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience. See *United States* v. *Aetna Casualty & Surety Co.* (1949), 338 U. S. 366. *Cf. Provident Tradesmens Bank & Trust Co.* v. *Patterson* (1968), 390 U. S. 102. In *City of Evansville* v. *Byers* (1964), 136 Ind. App. 448, 202 N. E. 2d 399, an Indiana appellate court adopted the following definition of indispensable party, at 451, 202 N. E. 2d at 401:

"An *indispensable party* has an interest of such a nature that a final decree cannot be made without affecting its interest or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience. * * *"

Also of interest are the definitions of necessary parties set forth in the opinion by Judge Allen in *State, ex rel. Crabbe,* v. *Municipal Savings & Loan Co.* (1924), 111 Ohio St. 178, at 189:

" 'Necessary parties are those without whom no decree at all can be effectively made determining the principal issues in the cause. Proper parties are those without whom a substantial decree may be made, but not a decree which shall completely settle all the questions which may be involved in the controversy, and conclude the rights of all the persons who have any interest in the subject matter of the litigation.' *Rosina* v. *Trowbridge,* 20 Nev., 105, 17 Pac., 751; *Tatum* v. *Roberts,* 59 Minn., 52, 60 N. W., 848.

"Or, as excellently defined in *Donovan* v. *Campion,* 85 Fed., 71, at page 72, 29 C. C. A., 30, 32:

" 'All those whose presence is necessary to a determination of the entire controversy must be, and all those who have an interest in the subject matter of the litigation which may be conveniently settled therein may be, made parties to the suit. The former are termed the "necessary" and the latter the "proper" parties.' "

The word indispensable connotes that which cannot be

done without that which is absolutely essential. While Civ. R. 19.1(A) makes a spouse having a claim for loss of services a required party to an action by the other spouse for his personal injuries, it does not make the first spouse an indispensable party to the action of the other spouse. Rather, Civ. R. 19.1(B) expressly provides that joinder is not required, if good cause is shown why it should not be required. We therefore conclude that an indispensable party within the meaning of Civ. R. 12(H) is one whose absence seriously prejudices any party to the action or prevents the court from rendering any effective judgment between the parties, or is one whose interests would be adversely affected or jeopardized by the judgment rendered between the parties to the action. Mere avoidance of multiple litigation is not a sufficient basis to render one an indispensable party.

Accordingly, we find that defendant waived any requirement that plaintiff Mr. Layne join, in his prior suit, his wife, who is plaintiff in the instant action. However, pursuant to Civ. R. 19.1, that issue may be raised in this case as to why plaintiff herein has not joined her husband as a party. However, in view of the settlement between the parties, good cause for nonjoinder would be shown pursuant to Civ. R. 19.1(B). In *Nationwide Ins. Co. v. Steigerwalt* (1970), 21 Ohio St. 2d 87, the Supreme Court held that one waives the requirement of joinder of one to whom part of a cause of action has been assigned and consents to separate suits unless he raises the issue in an action brought by the assignor for the unassigned portion of the cause of action. Joinder of assignor and assignee is required by Civ. R. 19(A) in almost identical language as the requirement herein involved, with respect to Civ. R. 19.1(A).

We see no logical reason why a waiver could have been found in *Nationwide, supra,* and not be found under the present circumstance. In *Nationwide,* there was a single cause of action arising out of the alleged wrongful act, part of which had been assigned to Nationwide. Here, however, there are two separate, distinct and independent causes of action in different persons not in privity, although related, arising out of the same wrongful act. *Kraut, supra; White-*

*head* v. *Genl. Tel. Co.* (1969), 20 Ohio St. 2d 108.

In *Kraut, supra,* it was expressly held that an action for bodily injury by a spouse in no way affects the action by the other spouse for loss of services arising out of the same injuries. While it may not be true in all jurisdictions, in Ohio, pursuant to *Kraut,* the two actions are wholly independent of each other. While Civ. R. 19.1 changes the prior procedure so as to require a joinder of the two actions in a single suit, it does not change the nature of the actions, nor does it make the one spouse an indispensable party to the action by the other. Rather, this is a matter of defense that may be raised by the defendant so that he may avoid multiple litigation upon the same issue and avoid the possible consequences of inconsistent results that were involved in *Kraut.*

However, if the defendant does not avail himself of this defense, in the action first brought, he has waived it and, in effect, has consented to separate suits. He cannot complain, when the second suit is brought, that a joinder did not occur in the first suit, where he himself is at fault for not having raised the defense of nonjoinder, pursuant to Civ. R. 19.1(A). Accordingly, the first, third and fourth Assignments of Error are well taken.

By the second Assignment of Error, plaintiff contends that the trial court erred in finding Civ. R. 19.1 to be applicable to Mr. Layne's prior action which was commenced prior to the effective date of the civil rules. We find no prejudicial error in such application by the trial court. Civ. R. 86 provides that the civil rules govern all proceedings in actions pending when they took effect unless their application would not be feasible or would work injustice. We have expressly found that no injustice is worked by the application of Civ. R. 19.1 to the prior action, waiver having been involved, and neither party having lost any right that he would have had under prior procedure.

Defendant contends that the conclusion we have reached requires him to ask to be sued by someone who has not sued him. This is only partially correct. Defendant has an option of either asking to be sued or consenting to be sued

in a separate action if the party who has not yet brought suit decides to do so. Rather than requiring defendant to do anything, Civ. R. 19.1 affords the defendant the opportunity of avoiding multiple litigation arising out of the same controversy by requiring that joinder be made. In the absence of Civ. R. 19.1(A), joinder would not be required. Thus, Civ. R. 19.1 confers upon the defendant a right to require joinder which he may or may not exercise as he sees fit. Having failed to exercise the right to require joinder in the prior action, defendant herein cannot now complain because of the multiple litigation.

For the foregoing reasons, the first, third and fourth Assignments of Error are sustained, the second Assignment of Error is overruled, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to the court for further proceedings in accordance with law consistent with this decision.

*Judgment reversed and cause remanded.*

STRAUSBAUGH, J., concurs.
HOLMES, J., dissents.

HOLMES, J., dissenting. I must disagree with the majority herein in its interpretation of Civ. R. 19.1 and Civ. R. 12(H). It is my view that, with the creation of the right of action by a wife for loss of services of her husband as set forth in *Clouston* v. *Remlinger, Inc.,* (1970), 22 Ohio St. 2d 65, the framers of the rules were providing, by the promulgation of Civ. R. 19.1, a specific manner in which such claims must be joined with any other legal action emanating from the same incident.

I feel that the basic philosophical premise of this particular rule is the same as that which underlies all civil rules of practice, and that is that such an approach provides a more reasonable and simplistic method of litigating legal rights and causes of action. The reason for the rule here under consideration is obviously to avoid the duplicity of defenses to two separate actions, when such claims against

an individual may be properly considered in a single action by the simple process of joining the other indispensable party or parties.

It is my view that joinder is necessary on the part of the ones seeking a forum for the presentation of their legal claims. If such joinder has not been properly inclusive of all indispensable parties, the future right to bring a further cause of action is extinguished. Conversely, the failure of the defendant in such case to defend, or object, to the failure of the plaintiff to join a party, is not a waiver of such defense in any future action, arising out of the same wrongful act.

I feel that Civ. R. 12(H) is quite clear in its language negating waiver. Specifically, such rule states: "A party waives all defenses and objections * * * except (1) * * * the defense of failure to join an indispensable party * * *."

It is my view that the interpretation of the civil rules as applied by the majority would, in effect, require the defendant to encourage the bringing of an additional action against him. This I cannot conceive as being the reasonable meaning and intent of this rule. Civ. R. 1(B) states: "These rules shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice."

It is my view that the trial court, in granting the defendant's motion for a summary judgment, was correctly applying the rules relating to compulsory joinder of parties and, in so doing, was effecting the purposes of the civil rules as enunciated by Civ. R. 1(B).