MATTUCCI, ADMR., APPELLANT, *v.* THE OHIO EDISON CO., APPELLEE, ET AL.

(No. 3811—Decided October 23, 1946.)

*Mr. B. E. Musick,* for appellant.
*Messrs. Slabaugh, Guinther, Jeter & Pflueger,* for appellee.

WASHBURN, P. J. Appellant, Angelo Mattucci, administrator of the estate of Joseph Mattucci, brought this action, and will be hereinafter referred to as plaintiff.

The action as tried was against The Ohio Edison Company, appellee, which will hereinafter be referred to as defendant.

The relief sought was damages for the death of Joseph Mattucci, which was caused by a collision between an automobile in which he was riding as a guest, and an electric light pole of the defendant, which was located, not in the traveled portion of the street, but on a grass strip, six feet wide, between the sidewalk and the curb of a street in Akron, which portion of the street was lighted by a light attached to an arm extending a short distance over the street from a pole, and the pole was located on the outside of a curve in the road at that point. The traveled portion of the street was 36 feet wide and paved with brick, and the pole was close to the curb, as were all the poles along the street in that vicinity, and had been so maintained for many years, with at least the consent and approval of the city of Akron.

After the plaintiff had introduced his evidence, and the defendant had introduced certain exhibits without objection, the plaintiff rested, and, on motion of the defendant, the court arrested the case from the jury and entered a judgment in favor of the defendant.

That being the situation, this court can properly affirm the judgment only in the event that it is found that reasonable minds, after a consideration of the evidence, could reach but one conclusion in reference to the controlling facts, and that such facts were such as to preclude, as a matter of law, a recovery by the plaintiff.

Before referring to the controlling facts, we call attention to the provisions of Section 9180, General Code, which, by virtue of Section 9192, General Code, apply to companies which, like the defendant, are organized for the purpose of supplying the public

in general with electric light and power. That section (9180) provides that such companies may construct upon and along the public roads and highways, poles and other appliances for the transmission of electricity, provided the poles, etc., are not so constructed "as to incommode the public in the use of the roads or highways." The use referred to in said section is the use of the traveled portion of the highway, but it is recognized that, in some instances, poles or other obstructions which are maintained in close proximity to the traveled portion of the highway, may incommode the public in such use.

The general rule, which is supported by the authorities, is, as stated in 98 A. L. R., 487, that "a company lawfully maintaining poles in or near a public highway is not liable for damages to person or property resulting from a road vehicle striking such a pole, unless it is erected on the traveled portion of the highway or in such close proximity thereto as to constitute an obstruction dangerous to anyone *properly using the highway,* and the location of the pole is the proximate cause of the collision." (Italics ours.)

Having these principles of law in mind, we will now state the facts that we find to be established with the certainty hereinbefore indicated.

Plaintiff's decedent was riding as a guest in the rear seat of an automobile which was being driven by the owner thereof in January, 1942, in the early evening but after dark, along the street where said pole was located, when there was no other traffic on the street in the vicinity of said pole.

There was a person in the car sitting beside the driver, and three persons in the rear seat, one of whom was plaintiff's decedent. The weather was clear and the pavement was dry, and the driver lived in the vicinity and was familiar with the highway at the

curve in question. He was driving at a very high rate of speed, and so drove the car as to cause it to collide with said pole, which was 14 inches in diameter at the place where it was broken off, and which was just above the ground, and in addition the pole was broken in two about six feet above the ground, and the upper part was held by the wires in an upright leaning position, with the bottom end of the pole resting on the pavement close to the curb; and the car traveled about 80 feet beyond the pole, along the grass strip, and knocked down a tree before it came to rest. The automobile was completely demolished, and the three persons in the rear seat were instantly killed, and the driver and the person sitting beside him were injured.

We find that said pole was not maintained so as to incommode the public in the reasonable and proper use of the street. We further find that the evidence established beyond peradventure that the driver was not properly using the highway, and that the sole proximate cause of the death of plaintiff's decedent was the improper manner in which the automobile in which he was riding was operated, and that the existence of the pole at the point where it was maintained was not a proximate cause of such death.

We hold that the trial judge was fully warranted in rendering judgment on the facts in the record in favor of the defendant.

*Judgment affirmed.*

Doyle and Stevens, JJ., concur.