LAYNE, APPELLEE, *v.* HUFFMAN, APPELLANT.

[Cite as Layne v. Huffman (1975), 42 Ohio St. 2d 287.]

(No. 74-367—Decided May 14, 1975.)

*Messrs. Sigall, Berlin & Sanders, Mr. Lawrence A. Berlin* and *Mr. Leonard S. Sigall,* for appellee.

*Messrs. Federico, Myers, Giovanetti & Enz, Mr. Stanley L. Myers* and *Mr. Gordon P. Schuler,* for appellant.

CELEBREZZE, J. Appellant argues that since appellee failed to join in her husband's suit pursuant to Civ. R. 19.1 (A), she is now barred from filing her separate action against him.*

Appellee argues that appellant did not timely raise the issue of her joinder in the action for loss of consortium with Mr. Layne's action for personal injuries; that such failure on his part now constitutes a waiver of any right to object to this separate action being maintained against him.

Civ. R. 19.1(A), in pertinent part, provides:

"(A) A person who is subject to service of process shall be joined as a party in the action, except as provided in subdivision (B) hereof, if he has an interest in or a claim arising out of the following situations:

"* * *

"(2) Personal injury or property damage to a husband or wife and a claim of the spouse for loss of services or expenses or property damage if caused by the same wrongful act;

"* * *

"If he has not been so joined, the court, subject to subdivision (B) hereof, shall order that he be made a party *upon timely assertion of the defense of failure to join a party as provided in Rule 12(B)(7). If the defense is not timely asserted, waiver is applicable as provided in Rule 12(G) and (H).* If he should join as a plaintiff but

---

*Prior to this court's decision in *Clouston* v. *Remlinger Oldsmobile Cadillac* (1970), 22 Ohio St. 2d 65, no cause of action existed allowing a wife to recover for the loss of consortium of her husband. The fact that *Clouston* was decided subsequent to the filing of Mr. Layne's original complaint, and that the Civil Rules did not become effective until July 1, 1970, does not negate the applicability of Civ. R. 19.1 to this cause. See Civ. R. 86.

refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. In the event that such joinder causes the relief sought to exceed the jurisdiction of the court, the court shall certify the proceedings in the action to the Court of Common Pleas." (Emphasis added.)

Civ. R. 12(B) (7) provides that the defense of failure to join a party under Rule 19.1 must be asserted by motion or in a responsive pleading to the claim.

Civ. R. 12(G) provides that if a motion is made under Civ. R. 12 all other motions then available to the party must also be made at that time.

Civ. R. 12(H) provides that:

"A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or if he has made no motion, by responsive pleading or amendment thereof made as a matter of course under Rule 15(A), except * * * the defense of failure to join an indispensable party * * *."

It is clear that no motion, pleading or amendment was made by Mr. Huffman raising his Civ. R. 19.1(A) defense of failure to join in the original suit brought by Mr. Layne. Unless Mrs. Layne is now determined to be an indispensable party, that defense has been waived.

Civ. R. 19.1 was developed as a logical extension of the procedure provided in Civ. R. 19 (joinder of persons needed for just adjudication). The rationales for each are alike. Here, the same facts govern the claims of the parties who are required to be joined. Without joinder there is the possibility of inconsistent results, and defendant may be required to defend multiple suits based on the same question of liability. For these reasons, the interests of the parties are normally better served by joinder of the parties with related claims.

However, although related in the manner outlined above, these claims remain separate. *Kraut* v. *Cleveland Ry. Co.* (1936), 132 Ohio St. 125. This determination leads the court to the conclusion that Mrs. Layne was not an indispensable party.

While the term "indispensable party" is not used in Civ. R. 19.1 (which is another indication that the party required to be joined here is not indispensable), that term is used in Civ. R. 19, and criteria are provided in Civ. R. 19 (B) to determine whether a party is indispensable:

"* * * The factors to be considered by the court include: First, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

Considering these factors, each is inapplicable to the facts before the court. Appellant will now be required to defend the second suit, having failed to avail himself of the procedure provided to avoid that situation.

The United States Supreme Court, in a case involving partial subrogation of claims against the United States government, stated:

"Although either party may sue, the United States, upon *timely* motion, may compel joinder. * * *" (Emphasis added.) *United States* v. *Aetna Cas. & Surety Co.* (1949), 338 U. S. 366, 381. That court then explained that the parties were clearly not "indispensable" parties pursuant to F. R. C. P. 19(b).

The analogy between the situation now before us and that found in the above citation is obvious. See *Nationwide Ins. Co.* v. *Steigerwalt* (1970), 21 Ohio St. 2d 87. See, also, 2A and 3A Moore's Federal Practice (2 Ed.), paragraphs 12.07, 12.23, 19.01-1, 19.19 and 21.04.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, W. BROWN and P. BROWN, JJ., concur.