**TUROWSKI, Admr., Appellee,**

v.

**JOHNSON; Ohio Edison Company, Appellant.**

[Cite as *Turowski v. Johnson* (1990), 68 Ohio App.3d 704.]

Court of Appeals of Ohio,
Summit County.

No. 14460.

Decided July 25, 1990.

*Kenneth L. Turowski*, pro se.

*Deborah L. Cook* and *Matthew W. Oby*, for appellant.

BAIRD, Judge.

This cause comes before the court upon the appeal of Ohio Edison Company from the judgment of the Summit County Court of Common Pleas denying its motion for attorney fees pursuant to R.C. 2323.51.

On December 11, 1988, Donald Kelleybrew was a passenger in a vehicle driven by Edward Johnson, Jr. Johnson was traveling on North Howard

Street in Akron at a high rate of speed when he apparently lost control of the vehicle, went off the road, and struck a utility pole. Both Johnson and Kelleybrew died as a result of the collision. An autopsy revealed a .12 percent concentration of alcohol in Johnson's blood.

Attorney Kenneth L. Turowski, as administrator of Kelleybrew's estate, filed wrongful death claims against, *inter alia,* appellant Ohio Edison, alleging willful, wanton, reckless, and malicious conduct in erecting the utility pole at the site of the accident, some thirty-one inches away from the curb. Ohio Edison filed for summary judgment, citing numerous cases in support of its contention that there was no theory supportable in the law by which it could be held liable for Kelleybrew's death. See *Hetrick v. Marion–Reserve Power Co.* (1943), 141 Ohio St. 347, 25 O.O. 467, 48 N.E.2d 103; *Mattucci v. Ohio Edison Co.* (1946), 79 Ohio App. 367, 35 O.O. 131, 73 N.E.2d 809; *Ohio Postal Telegraph–Cable Co. v. Yant* (1940), 64 Ohio App. 189, 18 O.O. 57, 28 N.E.2d 646. In his response to the summary judgment motion and at the hearing on the matter, Turowski failed to cite any facts or law, or make any colorable argument, to support his claim against Ohio Edison beyond his own contention that the utility pole was dangerously placed and was therefore the cause of Kelleybrew's death.

After the trial court granted summary judgment for Ohio Edison, it moved for an award of attorney fees against Turowski for frivolous conduct pursuant to R.C. 2323.51, which reads in part:

"(A) As used in this section:

"(1) 'Conduct' means filing a civil action, asserting a claim, defense, or other position in connection with a civil action, or taking any other action in connection with a civil action.

"(2) 'Frivolous conduct' means conduct of a party to a civil action or of his counsel of record that satisfies either of the following:

"(a) It obviously serves merely to harass or maliciously injure another party to the civil action;

"(b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."

The trial court denied Ohio Edison's motion, finding without elaboration that the action had been "warranted under existing law."

### Assignment of Error

"The trial court erred in finding that plaintiff's counsel's conduct in asserting this claim against Ohio Edison Company and continuing thereafter to

maintain the position that plaintiff had a meritorious claim, without any basis in existing law, was not frivolous under Ohio Revised Code Section 2323.51."

Turowski argues that he joined Ohio Edison in this lawsuit under the compulsory joinder provision of Civ.R. 19.1, and that therefore the trial court properly found the claim to be warranted under existing law. This contention is without merit, however, as Civ.R. 19.1 was intended as a means for *defendants* in civil suits to compel joinder of all parties who may have a claim against them arising out of the same controversy, so that they can avoid multiple lawsuits and potentially inconsistent adjudications. See Ohio Rules Advisory Committee Staff Notes to Civ.R. 19.1; *Layne v. Huffman* (1974), 43 Ohio App.2d 53, 72 O.O.2d 202, 333 N.E.2d 147, affirmed (1975), 42 Ohio St.2d 287, 71 O.O.2d 260, 327 N.E.2d 767. Even if Civ.R. 19.1 were applicable here, it would not justify maintaining an action that has no basis in law or fact.

At the hearing on the motion for summary judgment, the trial court observed:

" * * * [I]t disturbs me sometimes when people bring cases into this court and just name people because they feel that those people ought to be made a party to this lawsuit because they have a deep pocket or just because they happen to be there.

"And I just cannot, I just cannot by any stretch of the imagination in any manner whatsoever see how in the world * * * Ohio Edison can be brought into this action by what you told me so far. It just boggles my mind to understand that."

Yet, upon motion for attorney fees pursuant to R.C. 2323.51, the court came to a contrary conclusion.

Upon review of the record, we find that the trial court abused its discretion in arbitrarily ruling that appellee's action against Ohio Edison was warranted under existing law. Appellee asserts that such a holding will set a dangerous precedent, in that it would have a "chilling effect" on zealous representation by attorneys of their clients' interests. But R.C. 2323.51 was enacted precisely to have a chilling effect—not on zealous representation, but on overzealous, unjustifiable, and frivolous actions.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

QUILLIN, P.J., and CIRIGLIANO, J., concur.