DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Court of Common Pleas of Highland County, Probate Division, which dismissed Plaintiffs-Appellants Ronald and Penny Cross' complaint for failure to commence the action within the statutory limitations period. Defendants-Appellees Denver and Jane Conley have filed a cross-appeal challenging the trial court's denial of their motion for attorney fees pursuant to Civ.R. 11 and R.C. 2323.51. We affirm.
 STATEMENT OF THE CASE
The parties in this appeal are the proponents of competing wills executed by Clarice Washburn. Mrs. Washburn executed one will on September 14, 1996, [hereinafter the September Will] designating the appellants as sole beneficiaries and naming Appellant Ronald Cross as the executor. She subsequently executed another will on October 21, 1996, [hereinafter the October Will] designating the appellees as sole beneficiaries and naming Appellee Denver Conley as the executor. Mrs. Washburn passed away on January 3, 1997. The September Will was filed with the Probate Division of the Highland County Court of Common Pleas on January 13, 1997, and the October Will was filed on February 4, 1997.
A certificate of service of notice of probate of the October Will was filed on June 2, 1997. On June 20, 1997, appellants filed a complaint to contest the October Will, alleging that Mrs. Washburn was under undue influence, duress, and restraint when she executed it, that she lacked the necessary testamentary capacity, that her signature was procured by fraud, and that the signature on the will was not Mrs. Washburn's. The complaint named the appellees and thirty other individuals, all of whom are Mrs. Washburn's next-of-kin, as defendants.
On October 22, 1997, the appellees filed a motion to dismiss the complaint, arguing that the appellants had failed to join the executor of Mrs. Washburn's estate as a party. Although Appellee Denver Conley was named in the caption of the complaint as an individual defendant, he was not named in his capacity as executor. On November 17, 1997, the appellants filed a response to the motion to dismiss and a motion for leave to file an amended complaint naming Denver Conley as a defendant, both individually and in his capacity as executor of Mrs. Washburn's estate. On January 2, 1998, pursuant to Civ.R. 15 (C), the probate court granted the appellants leave to file an amended complaint relating back to the date of the original complaint. The appellants filed an amended complaint on March 16, 1998.
On September 18, 1998, the appellants requested service of summons by publication on five defendants who had not been served and for whom the appellants were unable to find addresses. The Highland County Clerk of Courts declined to attempt service by publication on the basis that appellants did not file an affidavit detailing their efforts to locate these defendants with their request for service, as required by Civ.R. 4.4 (A). Appellants also requested re-issuance of service of summons on three other defendants who previously had not been served. Service by certified mail was completed on these three defendants on September 21, 24, and 25, 1998.
The probate court scheduled the case for trial on September 22, 1998. On that day, the appellees filed a motion to dismiss, arguing that the appellants had failed to commence the action within the statutory limitations time period. Under R.C. 2107.76, a will contest action must be commenced within four months of the filing of the certificate of notice of admission of a will to probate. Under Civ.R. 3 (A), an action is commenced on the day the complaint is filed "if service is obtained within one year from such filing upon a named defendant * * *." In the instant case, the certificate of service of notice of probate of the October Will was filed on June 2, 1997, and the appellants filed their complaint on June 20, 1997. By September 18, 1998, the appellants still had not obtained service on eight named defendants. Since the appellants had not served all of the named defendants within one year of filing the complaint, appellees argued that appellants had not "commenced" the action with four months of June 2, 1997. Appellees argued that the complaint should, therefore, be dismissed.
On September 23, 1998, the probate court granted the appellees' motion to dismiss. The court agreed that the appellants' failure to serve all of the named defendants meant that the action was not commenced within four months of the filing of the certificate of notice of probate. The court noted that the filing of the amended complaint related back to the date of the filing of the original complaint on June 20, 1997, and the filing of the amended complaint, therefore, did not extend the time for serving the named defendants. In addition, the court noted that R.C.2305.19, Ohio's saving statute, does not apply to statutory causes of action, such as will contests.
On October 5, 1998, the appellees filed a motion for attorney fees pursuant to Civ.R. 11 and R.C. 2323.51, arguing that the appellants' will contest action was entirely frivolous. On October 21, 1998, the appellants filed a notice of appeal, challenging the probate court's dismissal of their complaint. On November 23, 1998, we dismissed the appeal for lack of a final appealable order, because the probate court had not ruled on the appellees' motion for attorney fees. On February 22, 1999, the probate court denied the appellees' motion for attorney fees, finding that the appellants did not engage in frivolous conduct.
On March 2, 1999, the appellants filed a timely notice of appeal, presenting the following assignments of error for our review:
 STATEMENT OF ASSIGNMENT OF ERRORS
THE COURT ERRED IN GRANTING DEFENDANT'S [sic] MOTION TO DISMISS. MORE SPECIFICALLY, THE COURT ERRED IN FINDING THAT:
 1. THE SAVING STATUTE, SECTION 2305.19 OHIO REV. CODE, IS INAPPLICABLE TO WILL CONTEST ACTIONS.
 2. THE FILING OF AN AMENDED COMPLAINT DID NOT RECOMMENCE THE ONE YEAR LIMITATION UPON OBTAINING SERVICE OF PROCESS AS REQUIRED BY RULE 3 (A), OHIO R. CIV. PROC.
On March 22, 1999, the appellees filed a notice of cross-appeal, presenting one assignment of error for our review.
FIRST ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED IN FAILING TO ORDER PLAINTIFFS TO PAY LEGAL EXPENSES OF THE DEFENDANTS IN DEFENDING THE WILL CONTEST.
 OPINION I.
In their First Assignment of Error, appellants argue that R.C. 2305.19, Ohio's saving statute, should apply to will contest actions. The saving statute provides:
 In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date.
R.C. 2305.19.
Appellants argue that since their action failed "other than on the merits" they should be permitted to re-file under R.C.2305.19. We disagree.
Other courts that have addressed this issue have concluded that R.C. 2305.19 does not apply to will contest actions. SeeAlakiotis v. Lancione (1966), 12 Ohio Misc. 257, 232 N.E.2d 663;Barnes v. Anderson (1984), 17 Ohio App.3d 142, 478 N.E.2d 248. Although decided by a court of common pleas, Alakiotis appears to be the case most often cited to support this position. InAlakiotis, the plaintiff's complaint contesting the will was dismissed when it was shown that the executor had not been properly served. The plaintiff re-filed the complaint and the court of common pleas again dismissed, finding that the statutory limitation period for will contests had passed. The court found that R.C. 2305.19 did not apply to "a cause of action created by statute which is unknown to the common law and which in terms contains its own statute of limitations," such as a will contest action. Alakiotis v. Lancione, 12 Ohio Misc. at 261,232 N.E.2d at 666.
Appellants argue that it is time to reexamine Alakiotis, since, as a general rule, courts prefer to decide cases on the merits, rather than on procedural grounds. Appellants argue that they will be denied their day in court if we refuse to apply R.C.2305.19 to will contest actions. While we agree that courts should decide cases on their merits whenever possible, other important policy considerations prevent us from accepting appellants' argument.
Neither the Supreme Court of Ohio nor this court has directly addressed the Alakiotis holding. The courts that have addressed the issue, however, consistently refuse to apply R.C. 2305.19, the saving statute, to will contest actions. As the appellees argue, the General Assembly has had ample opportunity to amend R.C. 2305.19 or 2107.76 if that body truly intended for the saving statute to apply to will contest actions. Given the fact that the General Assembly has chosen not to overturn Alakiotis,
we see no reason to depart from such a longstanding rule.
Even if we were to reexamine Alakiotis, the reasoning of that court is just as applicable and appropriate today as it was when that case was published in 1966. While it is true that cases should be decided on their merits whenever possible, it is also true that there must be some finality to judgments. In the case of will contest actions, the purpose behind imposing the four-month limitation period, contained in R.C. 2107.76, is to promote the speedy administration of estates. Applying R.C. 2305.19 to will contest actions would give the appellants their day in court, but it would also lead to unnecessary delays in the administration of estates, the very thing that the four-month limitation period for will contest actions under R.C 2107.76 was meant to prevent.
We find that the trial court correctly held that R.C. 2305.19
does not apply to will contest actions filed under R.C. 2107.76. Accordingly, appellants' First Assignment of Error is OVERRULED.
 II.
In their Second Assignment of Error, appellants argue that the filing of the amended complaint should have re-commenced the running of the one-year period under Civ.R. 3 (A) for obtaining service of process on the named defendants. Appellants argue that they made diligent efforts to assure that all of the defendants were served. Appellants cite Harrell v. Guest (1986), 33 Ohio App.3d 163,514 N.E.2d 1137, which held that a complaint should not be dismissed pursuant to Civ.R. 4 (E) when the plaintiff makes a diligent effort to locate the named defendant.
The holding of the Harrell court does not apply to the instant case. Under Civ.R. 4 (E), the trial court may dismiss a complaint as to a named defendant if the plaintiff has not perfected service of summons within six months of filing the complaint, unless the plaintiff shows good cause why service was not made. Even assuming that the appellants made a diligent effort to serve the remaining defendants, Civ.R. 4 (E) is an entirely separate matter from the one-year limitation for commencement of an action imposed by Civ.R. 3 (A).
In addition, we are not convinced by appellants' protestations that they made a diligent effort to serve all of the named defendants. As appellees argue, appellants did not request that the clerk of courts proceed with service by publication until September 1998, more than one year after the complaint was filed. Even then, the appellants did not provide an affidavit establishing the appellants' attempts to locate the defendants as required by Civ.R. 4.4 (A). Appellants argue that they established their efforts to locate all of the defendants at a hearing before the trial court. However, Civ.R. 4.4 (A) requires that an affidavit outlining those efforts accompany a request for service of process by publication. Finally, aside from appellants' conclusory assertion to the probate court that they had made a diligent effort to locate the named defendants who had not been served, there is nothing in the record to document any such efforts.
Appellants also argue that, under Bazo v. Siegel (1979),58 Ohio St.2d 353, 390 N.E.2d 807, the defendants who were not served are not necessary parties because they do not have any direct pecuniary interest in this action. In Bazo, the Supreme Court of Ohio found that the phrase "other interested persons," as used in former R.C. 2741.02, required an individual to have a direct pecuniary interest in a will contest action in order to be a necessary party. Like its predecessor, R.C. 2107.73 includes a catch-all provision requiring that "other interested parties" be joined as necessary parties to a will contest action. R.C.2107.73 (E). In the instant case, however, the defendants who were not served are not "other interested parties," but rather are intestate heirs of the Mrs. Washburn. These individuals are deemed to be necessary parties to a will contest pursuant to R.C.2107.73 (B). We find, therefore, that the ruling in Bazo has no application to the instant case.
Finally, appellants argue that the one-year period for commencement of the action under Civ.R. 3 (A) should run from the filing of the amended complaint on March 16, 1998, rather than the filing of the original complaint on June 20, 1997. While the amended complaint relates back to the date of the original complaint for purposes of naming the executor as a party, appellants argue that it should not relate back for purposes of computing the time limit for service of summons. Appellants do not cite any statutory or case law to support their position. Rather, they contend that the Civil Rules do not provide for a different result, and that equity demands that they be given their day in court. We disagree.
Timely commencement of an action pursuant to Civ.R. 3 (A) is an essential element of civil procedure and is not "a mere technicality designed to deny parties their day in court."Saunders v. Choi (1984), 12 Ohio St.3d 247, 250, 466 N.E.2d 889,893. Appellants knew the identities of all necessary parties when they filed their original complaint on June 20, 1997. The fact that appellants subsequently amended their complaint to name Denver Conley in his capacity as executor of the estate, as well as his individual capacity, does not justify appellants' failure to complete service of process on eight named defendants more than a year after filing the original complaint.
Appellants' Second Assignment of Error is OVERRULED.
 III.
In their cross-appeal, appellees argue that the trial court erred in denying their motion for attorney fees pursuant to Civ.R. 11 and R.C. 2323.51. Appellees claim that the trial court found that the appellants' pursuit of the will contest was not frivolous based solely on the fact that the two wills were executed so close together. The trial court's judgment entry, however, merely states that the appellants' conduct was not frivolous.
The only case cited by the appellees is Turowski v. Johnson
(1990), 68 Ohio App.3d 704, 589 N.E.2d 462, in which the Ninth District Court of Appeals found that the trial court abused its discretion in failing to award attorney fees to defendant Ohio Edison. Turowski involved a one-car accident in which the plaintiff's vehicle went off of the road and struck an Ohio Edison utility pole. The appellate court agreed with Ohio Edison that there was no theory of negligence that would make a utility liable for such an accident, and the court awarded attorney fees in favor of Ohio Edison.
The decision to award attorney fees for frivolous conduct is committed to the sound discretion of the trial court. WhileTurowski establishes that it is possible for a trial court to abuse that discretion, Turowski was an extreme case. In the instant case, the appellants brought a complaint based on an arguably valid cause of action, and potentially could have proven facts to support their claim. We find that the trial court did not abuse its discretion in denying appellees' motion for attorney fees.
Appellees' sole assignment of error on cross appeal is OVERRULED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED, and that costs herein taxed be divided between the parties.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas of Highland County, Probate Division to carry this judgment into execution.
A certified copy of the entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J., and Kline, P.J.: Concur in Judgment and Opinion.
 _____________________ David T. Evans, Judge