[Cite as *Galena v. Delaware Cty. Regional Planning*, 2011-Ohio-2982.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| VILLAGE OF GALENA | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Julie A. Edwards, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 10 CAE 09 0076 |
| DELAWARE COUNTY REGIONAL<br>PLANNING, et al. | |
| Defendants-Appellants | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
Pleas, Case No.  08-CV-H 10-1448

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     June 16, 2011

APPEARANCES:

For Plaintiff-Appellee

D. MICHAEL CRITES
DINSMORE & SHOHL LLP
191 West Nationwide Blvd., Suite 300
Columbus, Ohio  43215

KENNETH J. MOLNAR
21 Middle Street, Post Office Box 248
Galena, Ohio  43021-0248

For Defendant-Appellant Jimba, Ltd.

DENNIS L. PERGRAM
MANOS, MARTIN, PERGRAM & DIETZ
50 North Sandusky Street
Delaware, Ohio  43015-1926

*Wise, P. J.*

{¶1}   Defendant-Appellant Jimba, Ltd. appeals the September 1, 2010, decision of the Delaware County Court of Common Pleas denying its motion for attorney fees.

{¶2}   Plaintiff-Appellee is the Village of Galena.

### STATEMENT OF THE FACTS AND CASE

{¶3}   The relevant facts are as follows:

{¶4}   On October 30, 2007, Appellee Village of Galena filed an action against Appellant property developer Jimba, Ltd. and two governmental entities in the Delaware County Court of Common Please. In said action, Appellee Village alleged that the Appellant was required to connect its proposed development properties with the village's sanitary sewer system and sought to prevent the developer from installing allegedly improper individual on-lot household sewage treatment systems. Appellant argued that it had no duty to connect its properties with the village's sanitary system and that it could properly rely on its proposed on-lot household sewage treatment equipment.

{¶5}   On November 21, 2008, the Board of Health filed a motion to dismiss the claim against itself pursuant to Civ.R. 12(B)(6).

{¶6}   On December 15, 2008, the Regional Planning Commission filed its Answer.

{¶7}   On December 31, 2008, the defendant developer filed its Answer.

{¶8}   On May 4, 2009, the previously assigned judge (a) denied the Board of Health's motion to dismiss, (b) denied the village's motion for a temporary restraining

order, and (c) scheduled a preliminary injunction hearing together with a trial on the merits two weeks later on May 19, 2009.

**{¶9}** On May 15, 2009, Appellee Village filed a motion to delay the trial thirty days to permit additional deposition discovery, which was opposed by Appellant.

**{¶10}** On May 18, 2009, Appellee Village voluntarily dismissed its suit without prejudice.

**{¶11}** On May 17, 2009, Appellee Village re-filed this action.

**{¶12}** On June 17, 2009, thirty days after Galena dismissed its complaint, Appellant Jimba filed a motion for attorney fees pursuant to R.C. §2323.51 on the grounds that Appellee Village's lawsuit was frivolous.

**{¶13}** The parties agreed to have the trial court first decide whether there was frivolous conduct under R.C. §2323.51 and, if so, to later determine the amount of attorneys' fees to be paid.

**{¶14}** In lieu of submitting testimony and documents to the trial court, at an evidentiary hearing, the parties agreed to a "Stipulation of Facts" setting forth the facts and documents to be considered by the trial court for the determination as to whether Appellee Village and its legal counsel engaged in frivolous conduct under R.C. §2323.51.

**{¶15}** On September 1, 2010, the trial court issued its Opinion and Order Denying the Motion by Appellant Jimba, Ltd. for Fees Pursuant to R.C. §2323.51. In said Opinion, the trial court stated:

**{¶16}** "In effect, the developer asks this court to decide the merits of the village's claim without a full trial, when substantially the same case is now pending and awaiting

trial. Any decision about the merits of this case requires consideration of fact and legal issues that deserve full development at a trial of the pending case. The developer does not argue that a sanitary sewer district never has authority to compel connection to its system. Rather; the developer argues that in these specific factual circumstances, this sewer district lacked that authority. At least at this time, this court cannot conclude that the village's claim constitutes "frivolous conduct" as R.C. 2323.51 defines that term. Indeed, the village's claim may have merit, depending on the court's ultimate factual findings and legal rulings

{¶17} "Accordingly, the court denies the developer's motion for fees pursuant to to R.C.2323.51. The court has delayed consideration of the refiled case until it could decide the pending motion. In the interest of all parties, the court now plans to schedule prompt hearings on the refiled case."

{¶18} It is from this Order that Appellant Jimba has filed its appeal, raising the following assignments of error for review:

## ASSIGNMENTS OF ERROR

{¶19} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT CONSIDERING THE FACTS AS SET FORTH IN THE STIPULATION OF FACTS.

{¶20} "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING APPELLANT'S MOTION FOR ATTORNEYS' FEES AND SHOULD HAVE FOUND IN FAVOR OF APPELLANT AS TO APPELLEE AND ITS LEGAL COUNSEL'S LIABILITY UNDER R.C. 2323.51."

**I., II.**

{¶21} We shall address Appellant's assignments of error as they are inter-related.  In Appellant's first and second assignments of error, Appellant contends that the trial court erred in denying its motion for attorney's fees and in not considering the stipulated facts in support thereof. We disagree.

{¶22} Our review of a trial court's decision on a motion for sanctions is reviewed for an abuse of discretion. *Mitchell v. W. Res. Area Agency on Aging,* Cuyahoga App. Nos. 83837 and 83877, 2004–Ohio–4353, citing *Cook Paving & Constr. Co. Inc. v. Treeline Inc.,* Cuyahoga App. No. 77408, 2001–Ohio–4235; *Pisani v. Pisani* (1995), 101 Ohio App.3d 83, 654 N.E.2d 1355.

{¶23} In the case sub judice, Appellant's motion for attorney's fees was based on frivolous conduct pursuant to Revised Code §2323.51 which governs the award of attorney's fees as a sanction for frivolous conduct and outlines the requirements for such an award.

{¶24} R.C. §2323.51(A)(2)(a) defines frivolous conduct as conduct by a party to a civil action when:

{¶25} "(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

{¶26} "(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

**{¶27}** "(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**{¶28}** "(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief."

**{¶29}** R.C. §2323.51(B) provides that "any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal."

**{¶30}** Further, R.C. §2323.51(B)(2) provides that attorney fees may only be awarded after a hearing. Specifically, R.C. 2323.51(B)(2) provides:

**{¶31}** "(2) An award may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action or an appeal of the type described in that division or on the court's own initiative, but only after the court does all of the following:

**{¶32}** "(a) Sets a date for a hearing to be conducted in accordance with division (B)(2)(c) of this section, to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award;

**{¶33}** "(b) Gives notice of the date of the hearing described in division (B)(2)(a) of this section to each party or counsel of record who allegedly engaged in frivolous conduct and to each party who allegedly was adversely affected by frivolous conduct;

**{¶34}** "(c) Conducts the hearing described in division (B)(2)(a) of this section in accordance with this division, allows the parties and counsel of record involved to

present any relevant evidence at the hearing, including evidence of the type described in division (B)(5) of this section, determines that the conduct involved was frivolous and that a party was adversely affected by it, and then determines the amount of the award to be made. If any party or counsel of record who allegedly engaged in or allegedly was adversely affected by frivolous conduct is confined in a state correctional institution or in a county, multicounty, municipal, municipal-county, or multicounty-municipal jail or workhouse, the court, if practicable, may hold the hearing by telephone or, in the alternative, at the institution, jail, or workhouse in which the party or counsel is confined."

{¶35} Upon review, we find that an oral hearing on Appellant's motion for attorney's fees based on frivolous conduct had initially been scheduled for November 30, 2009, rescheduled for March 5, 2010, and then rescheduled again to August 31, 2010. However, the August 31, 2010, hearing never took place because on August 27, 2010, the parties presented the trial court with a document captioned as "Stipulation of Facts" and submitted such motion for attorney's fees on this document and their respective briefs.

{¶36} As R.C. §2323.51 requires that a hearing be held by the trial court before it can make an award of attorney's fees as a sanction for frivolous conduct, we find that the trial court did not err in not granting attorney's fees in this case.

{¶37} While a trial court is required to hold a hearing before it can make an award of attorney's fees as a sanction for frivolous conduct, the same is not required when the court declines to award attorney fees. See *First Place Bank v. Stamper,* Cuyahoga App. No. 80259, 2002–Ohio–3109. In other words, the trial court in this case

would have had to hold a hearing before it granted attorney fees. But the trial court was not mandated to hold a hearing before denying Appellant's motion.

{¶38} That being said, Ohio courts have recognized that a trial court abuses its discretion when it "arbitrarily" denies a request for attorney fees. *Turowski v. Johnson* (1990), 68 Ohio App.3d 704, 589 N.E.2d 462; *Mitchell* at ¶ 27. An arbitrary denial occurs when (1) the record clearly evidences frivolous conduct and (2) the trial court nonetheless denies a motion for attorney fees without holding a hearing. *Bikkani* at ¶ 31.

{¶39} In the instant case, as concisely set forth by the trial court, the trial court has yet to decide this case, which is again pending before it, on its merits. The trial court could not make a decision on such a motion without considering the facts of the pending case, which it has yet to hear.

{¶40} Based on the foregoing, we find that the trial court did not abuse its discretion in finding that determination on Appellant's motion for attorney fees was premature.

**{¶41}** Appellant's first and second assignments of error are overruled.

**{¶42}** For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.

By: Wise, P. J.

Edwards, J., and

Delaney, J., concur.

_____

_____

_____

JUDGES

JWW/d 0601

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


VILLAGE OF GALENA                        :
                                         :
    Plaintiff-Appellee               :
                                         :
-vs-                                     :          JUDGMENT ENTRY
                                         :
DELAWARE COUNTY REGIONAL                 :
PLANNING COMMISSION, et al.              :
                                         :
    Defendants-Appellants            :          Case No. 10 CAE 09 0076


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.

Costs assessed to Appellants.


_____

_____

_____
                         JUDGES