[Cite as *Woodrow v. Krukowski*, 2023-Ohio-378.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MARIA WOODROW,                    :

    Plaintiff-Appellee,          :

                        No. 111753

    v.                           :

THEODORE KRUKOWSKI, ET AL.,      :

    Defendants-Appellants.       :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 9, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-944942

*Appearances:*

Harvey + Abens Co., LPA, David L. Harvey III, and
Matthew Abens, *for appellant.*

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Appellant Theodore Krukowski ("Theodore") appeals the judgment of the Cuyahoga County Court of Common Pleas denying his motion for sanctions against appellee Maria Woodrow ("Woodrow") under R.C. 2323.51. After a thorough review of the applicable law and facts, we affirm the judgment of the trial court.

# I. Factual and Procedural History

**{¶ 1}** Woodrow filed suit against Theodore and Maria Krukowski ("Maria"), Woodrow's daughter, alleging claims for fraud, fraud in the inducement, promissory estoppel, undue influence, and civil fraud. The allegations in the complaint were as follows: In September 2017, Woodrow purchased property located at 870 Pelley Drive, Cleveland, Ohio ("Property"). Less than a year later, she transferred the Property via quitclaim deed to Theodore and Maria, who were married.

**{¶ 2}** Woodrow alleged that she had been out of contact with Theodore and Maria for approximately 17 years prior to purchasing the Property but had since reconnected when Maria was ill. She purchased the Property with the purpose and intention of renting the Property to Maria and Theodore because the home they were living in at the time was in foreclosure. In June 2018, Theodore presented Woodrow with a quitclaim deed that purported to transfer the Property to him and Maria without consideration. Woodrow alleged that she was not knowledgeable about legal documents or matters and that Theodore had prepared the deed.

**{¶ 3}** Woodrow further alleged that when she purchased the Property she had relied on Theodore and Maria's representation that they would pay her monthly rental payments of $400 in exchange for living in the Property. She claimed that the quitclaim deed was fraudulent because she did not intend to transfer the property to Theodore without any consideration.

**{¶ 4}** Theodore moved under Civ.R. 12(B)(6) to dismiss Woodrow's claims for fraud, fraud in the inducement, promissory estoppel, undue influence, and civil

fraud, arguing that these claims failed to state a claim upon which relief could be granted. Specifically, he argued that Woodrow's claimed oral agreement that Theodore and Maria would pay rent for the Property was barred by the statute of frauds and that Woodrow did not allege that she was susceptible as part of her claim for undue influence.

{¶ 5} Woodrow filed a brief in opposition to the motion to dismiss, arguing that the doctrine of promissory estoppel provided an exception to the written requirement that rendered her claims viable. Woodrow further asserted that the allegations in her claims complied with the requirements for notice pleading.

{¶ 6} The trial court granted Theodore's motion to dismiss, finding that Woodrow could prove no set of facts that would entitle her to relief. Following this, the only count that remained pending against Theodore was Woodrow's claim for unjust enrichment.

{¶ 7} Theodore then moved for summary judgment on the claim for unjust enrichment, arguing that there were no genuine issues of material fact with regard to Woodrow's claim and that her transfer of the Property was a gift. In support of Theodore's motion, he submitted the affidavit of Jeffrey Burke, who was a broker hired by Woodrow to sell the Property prior to transferring it to Theodore and Maria. According to Burke's affidavit, he listed the Property for sale and three separate offers were received. Woodrow rejected all of them and informed him that she was going to gift the Property to her daughter Maria. Burke noted this on the property listing, stating, "Seller has decided to gift the property to her daughter. It'll be [taken

off the market] status until withdrawn within next week or two approx. 8-27. Do not want agents to waste time showing under these circumstances." Theodore argued that this evidence of Woodrow's donative intent nullifies any claim for unjust enrichment.

{¶ 8} In her brief in opposition to the motion for summary judgment, Woodrow contends that Burke's notation regarding her alleged intent to gift the Property was documented approximately two months *after* the Property had been transferred to Theodore and Maria. Woodrow submitted her own affidavit wherein she detailed the events leading up to the transfer of the Property. She stated that she borrowed $5,000 from her sister in order to purchase and rehabilitate the Property and that, prior to the purchase, Theodore stated that he and Maria would pay rent to her to live in the Property. She further stated that she did not see the quitclaim deed until Theodore told her to sign it and that she was only shown the signature page of the deed. She stated that Theodore told her he would sign an agreement to compensate her for the Property later.

{¶ 9} The trial court granted Theodore's motion for summary judgment, finding that Theodore was entitled to judgment as a matter of law on the unjust-enrichment claim.[1] Theodore subsequently moved for sanctions, arguing that Woodrow engaged in frivolous conduct by commencing and prosecuting her claims against him. Theodore asserted that Ohio law did not support Woodrow's unjust-

---

[1] Maria also moved for summary judgment on all of Woodrow's claims, which was granted by the trial court. She did not move for sanctions or join Theodore's motion and is not party to this appeal.

enrichment claim when there was evidence that established Woodrow's intent to gift the Property to him and Maria. Theodore further asserted that Woodrow only filed her complaint to harass him because he and Maria are now in the midst of a divorce and Theodore is living in the Property with a woman who is not Woodrow's daughter.

{¶ 10} The trial court denied Theodore's motion without analysis. Theodore then filed the instant appeal, raising one assignment of error for our review:

> The trial court abused its discretion in denying appellant's motion for sanctions against appellee pursuant to R.C. 2323.51.

## II. Law and Analysis

{¶ 11} Theodore argues that the trial court erred in denying his motion without holding a hearing because Woodrow's claims were not warranted under current precedent. He contends that her complaint could not be supported by any facts, that she intended to harass Theodore by filing the complaint, and that she "repeatedly turn[ed] a blind eye to undisputed evidence."

{¶ 12} A motion for sanctions under R.C. 2323.51 requires a trial court to determine whether the challenged conduct constitutes frivolous conduct as defined in the statute and, if so, whether any party has been adversely affected by the frivolous conduct. *Riston v. Butler*, 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857, ¶ 17 (1st Dist.).

{¶ 13} R.C. 2323.51(A)(2)(a)(ii) defines "frivolous conduct" as conduct that "is not warranted under existing law, cannot be supported by a good faith argument

for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law." R.C. 2323.51 applies an objective standard in determining frivolous conduct, as opposed to a subjective one. *Bikkani v. Lee*, 8th Dist. Cuyahoga No. 89312, 2008-Ohio-3130, ¶ 22. The finding of frivolous conduct under the statute is determined without reference to what an individual knew or believed. *Ceol v. Zion Industries, Inc.*, 81 Ohio App.3d 286, 289, 610 N.E.2d 1076 (9th Dist.1992).

{¶ 14} R.C. 2323.51 was not intended to punish mere misjudgment or tactical error. *Turowski v. Johnson*, 70 Ohio App.3d 118, 123, 590 N.E.2d 434 (9th Dist.1991). Instead, the statute was designed to chill egregious, overzealous, unjustifiable, and frivolous action. *Turowski v. Johnson*, 68 Ohio App.3d 704, 706, 589 N.E.2d 462 (9th Dist.1990). The statute serves to deter abuse of the judicial process by penalizing sanctionable conduct that occurs during litigation. *Filonenko v. Smock Constr., L.L.C.*, 10th Dist. Franklin No. 17AP-854, 2018-Ohio-3283, ¶ 14.

{¶ 15} A determination to impose sanctions under R.C. 2323.51 involves a mixed question of law and fact. *Resources for Healthy Living, Inc. v. Haslinger*, 6th Dist. Wood No. WD-10-073, 2011-Ohio-1978, ¶ 26. We review purely legal questions de novo. *Riston*, 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857, at ¶ 22. On factual issues, however, "we give deference to the trial court's factual determinations because the trial judge, of course, will have had the benefit of observing the entire course of proceedings and will be most familiar with the parties and attorneys involved." *In re Estate of O'Toole*, 8th Dist. Cuyahoga No. 108122,

2019-Ohio-4165, ¶ 30, citing *Riston* at ¶ 25. The ultimate decision as to whether to grant sanctions under R.C. 2323.51 rests within the sound discretion of the trial court. *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, ¶ 11.

{¶ 16} Frivolous conduct implicated by R.C. 2323.51(A)(2)(a)(ii) involves proceeding on a legal theory that is wholly unwarranted in law. "In determining whether a claim is frivolous under R.C. 2323.51(A)(2)(a)(ii), the test is objective — whether no reasonable lawyer would have brought the action in light of the existing law." *Internatl. Union of Operating Engineers, Local 18 v. Laborers' Internatl. Union of N. Am., Local 310*, 8th Dist. Cuyahoga No. 104774, 2017-Ohio-1055, ¶ 15, citing *Orbit Elecs., Inc. v. Helm Instrument Co.*, 167 Ohio App.3d 301, 2006-Ohio-2317, 855 N.E.2d 91, ¶ 49 (8th Dist.). A claim is therefore frivolous "'if it is absolutely clear under the existing law that no reasonable lawyer could argue the claim.'" *Orbit* at *id.*, quoting *Hickman v. Murray*, 2d Dist. Montgomery No. CA 15030, 1996 Ohio App. LEXIS 1028, 14 (Mar. 22, 1996).

{¶ 17} Theodore argues that the trial court abused its discretion in denying his motion without holding a hearing given Woodrow's frivolous conduct. Although ordinarily a trial court does not have to hold a hearing if it denies a motion for attorney fees and costs under R.C. 2323.51 or Civ.R. 11, Ohio courts have recognized that a trial court abuses its discretion when it "arbitrarily" denies a request for attorney fees. *Bikkani*, 8th Dist. Cuyahoga No. 89312, 2008-Ohio-3130, at ¶ 31, citing *Turowski*, 68 Ohio App.3d 704, 589 N.E.2d 462; *Mitchell v. W. Res. Area*

*Agency on Aging*, 8th Dist. Cuyahoga Nos. 83837 and 83877, 2004-Ohio-4353, ¶ 27. An arbitrary denial occurs when the record clearly evidences frivolous conduct, but the trial court nonetheless denies a motion for attorney fees without holding a hearing. *Bikkani* at *id.* Similarly, if an arguable basis exists for an award of sanctions under Civ.R. 11, a trial court is required to hold a hearing on the motion. *Fitworks Holdings, L.L.C. v. Pitchford-El*, 8th Dist. Cuyahoga No. 88634, 2007-Ohio-2517, ¶ 14, citing *Capps v. Milhem*, 10th Dist. Franklin No. 03AP-251, 2003-Ohio-5212.

{¶ 18} "Frivolous conduct is not proved merely by winning a legal battle or by proving that a party's factual assertions were incorrect." *State ex rel. DiFranco v. S. Euclid*, 144 Ohio St.3d 571, 2015-Ohio-4915, 45 N.E.3d 987, ¶ 15, citing *Ohio Power Co. v. Ogle*, 4th Dist. Hocking No. 12CA14, 2013-Ohio-1745, ¶ 29-30. ("""A party is not frivolous merely because a claim is not well-grounded in fact. * * * [R.C. 2323.51] was designed to chill egregious, overzealous, unjustifiable, and frivolous action. * * * [A] claim is frivolous if it is absolutely clear under the existing law that no reasonable lawyer could argue the claim"""), *DiFranco* at *id.*, quoting *Ogle* at *id.*, quoting *Hickman v. Murray*, 2d Dist. Montgomery No. CA-15030, 1996 Ohio App. LEXIS 1028, 5 (Mar. 22, 1996).

{¶ 19} In this case, Theodore's claim that Woodrow engaged in frivolous conduct is entirely premised on its demonstration that Woodrow's factual allegations were incorrect. Unlike in other cases in which the conduct was demonstrated to be egregious by multiple acts of misconduct that exceeded the

bounds of zealous advocacy, *see, e.g., Lakeview Holding (OH), L.L.C. v. Haddad*, 8th Dist. Cuyahoga No. 98744, 2013-Ohio-1796, ¶ 19 (repeated failure to serve court filings and the submission of an invalid preliminary judicial report, among other issues, demonstrated egregious behavior to warrant a hearing on the frivolous conduct motion), in this case, Theodore's claims are limited to accusing Woodrow of having advanced allegations that could be deemed to be without merit based on review of Theodore's evidentiary submissions.

{¶ 20} In essence, Theodore is claiming that because the court granted his motion to dismiss and motion for summary judgment, Woodrow's claims were frivolous. In his motion to dismiss, Theodore argued that any alleged agreement to pay rent fell within the statute of frauds and thus was not actionable and that Woodrow failed to plead any allegations that she was susceptible to undue influence. We note that Theodore only moved for sanctions against Woodrow and not her counsel. R.C. 2323.51(B)(4) provides that sanctions may be awarded against a party, a party's counsel, or both. While we do not analyze whether Theodore would have been successful in seeking sanctions against Woodrow's counsel, we do not believe that an award of sanctions against Woodrow could be appropriate when it would arise from a complaint filed and prepared by counsel. It is counsel who determines which claims to allege and the factual allegations to present in support thereof. Accordingly, Theodore's arguments regarding the claims that were dismissed by the court under Civ.R. 12(B)(6) cannot form the basis for sanctions against Woodrow.

{¶ 21} With regard to the unjust-enrichment claim that was resolved via summary judgment, Theodore argues that there was nothing in the record, aside from Woodrow's affidavit, that supported her allegations. "Filing a complaint without evidentiary support, however, does not become frivolous conduct under the law when no evidentiary support is uncovered by investigation or discovery. The conduct is frivolous only when the expectation of finding such evidence is not reasonable." *Haslinger,* 6th Dist. Wood No. WD-10-073, 2011-Ohio-1978, at ¶ 31.

{¶ 22} Regardless, Woodrow did present evidentiary support for her claims. While Theodore argues that Woodrow's affidavit submitted with her opposition to the motion for summary judgment was self-serving, it still constituted evidence in support of her claims. Theodore characterizes the MLS listing and Burke's affidavit as "undisputed evidence"; however, it was, in fact, disputed. While the court ultimately concluded that no genuine issues of material fact remained as to Woodrow's unjust-enrichment claim, and we are not here to second-guess that determination, we cannot say that Woodrow's submission of only her own affidavit in support of her claim constituted frivolous conduct that would warrant a hearing. Being unable to overcome a motion for summary judgment does not mean that there was *no* evidentiary support for Woodrow's claim. It simply means that the trial court determined that the evidence presented failed to demonstrate a genuine issue of material fact.

{¶ 23} Moreover, while Woodrow may not be happy that Theodore is now residing in the Property without Maria, there is no evidence demonstrating that she filed the complaint in order to harass him.

{¶ 24} Thus, Theodore's claims are insufficient to satisfy the frivolous-conduct standard without allegations of egregious misbehavior, harassment, or a demonstration that there was *no* evidence supporting Woodrow's claims. "Simply asserting that a plaintiff's claims can be disproven does not rise to the type of behavior that necessitates a court to conduct a hearing for frivolous conduct." *Sworak v. Great Lakes Recreational Vehicle Assn.*, 8th Dist. Cuyahoga No. 110137, 2021-Ohio-4309, ¶ 20.

{¶ 25} Based on the record before us, we find that the trial court was not required to hold a hearing on Theodore's motion for sanctions and did not abuse its discretion in denying the motion. Theodore's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, JUDGE

ANITA LASTER MAYS, A.J., and
MARY EILEEN KILBANE, J., CONCUR